**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

JILL HENNESSEY, Individually and )
On Behalf of All Others Similarly Situated, )
                    )
           Plaintiff, )
                    ) JURY TRIAL DEMANDED
vs. )
                    )
KOHL'S CORPORATION and )
KOHL'S DEPARTMENT STORES, INC., )
                    )
          Defendants. )

## PETITION

      Plaintiff Jill Hennessey ("Plaintiff"), by her attorneys, individually and on behalf of herself and others similarly situated, alleges upon personal knowledge as to herself and her acts stated herein and, as to all other matters, upon information and belief as follows:

## SUMMARY AND PRELIMINARY STATEMENT

      1.     This is a class action brought by Plaintiff, individually and on behalf of all others similarly situated (collectively referred to as "Class Members" or the "Class"), against Kohl's Corporation and its wholly-owned operating subsidiary, Kohl's Department Stores, Inc. (collectively "Kohl's" or "Defendants").

      2.     Plaintiff generally alleges that Kohl's violates Missouri law by making false and misleading price comparisons in connection with the advertisement and sale of its private branded merchandise that is available "only at Kohl's," including, but not limited to, Apt. 9, Croft & Barrow, Jumping Beans, SO, Sonoma Goods for Life, and its exclusive brands that are developed and marketed through agreements with nationally-recognized brands such as Food Network, LC Lauren Conrad, Elle and Simply Vera Vera Wang.

3.     The false and misleading price comparisons appear in a variety of places, including on price tags affixed to items, on signs posted in Kohl's retails stores, in print advertisements, in mailing circulars, and on the Kohl's website—Kohl's.com.  Through these mediums, Kohl's represents that consumers can buy its private and exclusive branded products on "sale" and at a substantial discount from their advertised former price, which Kohl's refers to as the "Regular" or "Original" price.  In reality, the purported "sale" and discounts are illusory, fictitious and in violation of Missouri law because the advertised higher "Regular" and "Original" prices are not actual or bona fide recent former prices of Kohl's private and exclusive branded products.  In fact, Kohl's has not sold substantial quantities of such products at the higher "Regular" and "Original" prices in the recent past, nor has it offered to sell such products at those prices for a reasonable and substantial period of time preceding the advertised "sale." As a result of this practice, Plaintiff and the Class have not received the benefit of the bargain that Kohl's promises them because the private and exclusive branded products that they purchased from Kohl's do not have the higher value and worth that Kohl's represents they have through its false and misleading "Regular" and "Original" price comparisons.

4.     The Federal Trade Commission ("FTC") describes false former pricing schemes, similar in all material respects to the scheme employed by Kohl's, as deceptive:

> One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison.  Where the former price is genuine, the bargain being advertised is a true one.  If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

16 C.F.R. § 233.1(a).

5.     Missouri law also explicitly forbids the false and misleading price comparisons that Kohl's engages in.  It prohibits a seller, such as Kohl's, from advertising former price comparisons unless the comparative price is actual, bona fide and not illusory or fictitious; and is

- A price at which reasonably substantial sales of the product were made to the public by the seller in the regular course of business, and on a regular basis during a reasonably substantial period of time in the immediate, recent period preceding the advertisement; or

- A price at which the product was openly and actively offered for sale to the public by the seller in the regular course of the seller's business, and on a regular basis during a reasonably substantial period of the time in the immediate, recent period preceding the advertisement.

15 Mo. Code of State Regulations 60-7.060(2).

6.     Missouri law also requires that a seller, such as Kohl's, not make any price comparison to a former price that is not based on the price in effect immediately preceding the reduction unless the seller clearly discloses that intermediate price reductions have been made. 15 Mo. Code of State Regulations 60-7.060(2)(C).

7.     These laws exist because legislatures know that false price comparisons are an effective way to sell products that consumers would not otherwise buy, or to sell more products than consumers would normally purchase, absent the false price comparison.  Indeed, numerous studies show that consumers are much more likely to purchase an item if they are told that it is being offered at a price less than the price at which the seller or its competitors have previously sold the product.  In other words, consumers are more likely to purchase an item if they are told that an item is worth more than what they are currently being asked to pay for it.  *See, e.g.,*

Dhruv Grewal & Larry D. Compeau, Comparative Price Advertising: Informative or Deceptive?, 11 J. of Pub. Pol'y & Mktg. 52, 55 (Spring 1992) ("[b]y creating an impression of savings, the presence of a higher reference price enhances [consumers'] perceived value and willingness to buy [a] product."); *see also* Compeau & Grewal, in Comparative Price Advertising: Believe It Or Not, J. of Consumer Affairs, Vol. 36, No. 2, at 287 (Winter 2002) (noting that "decades of research support the conclusion that advertised reference prices do indeed enhance consumers' perceptions of the value of the deal," and concluding that "[c]onsumers are influenced by comparison prices even when the stated reference prices are implausibly high."); Joan Lindsey-Mullikin & Ross D. Petty, Marketing Tactics Discouraging Price Search: Deception and Competition, 64 J. of Bus. Research 67 (January 2011) (concluding that "[r]eference price ads strongly influence consumer perceptions of value"); Praveen K. Kopalle & Joan Lindsey-Mullikin, The Impact of External Reference Price On Consumer Price Expectations, 79 J. of Retailing 225 (2003) (concluding that "research has shown that retailer-supplied reference prices clearly enhance buyers' perceptions of value" and "have a significant impact on consumer purchasing decisions."); Dr. Jerry B. Gotlieb & Dr. Cyndy Thomas Fitzgerald, An Investigation Into the Effects of Advertised Reference Prices On the Price Consumers Are Willing To Pay For the Product, 6 J. of App'd Bus. Res. 1 (1990) (concluding that "consumers are likely to be misled into a willingness to pay a higher price for a product simply because the product has a higher reference price.")

8.     As alleged herein, Kohl's has routinely and systematically violated Missouri's prohibition against false price comparisons, and Plaintiff and members of the proposed Class (as defined below) were exposed to and victims of Defendants' false price comparisons when they purchased private and exclusive branded products from Kohl's.  Plaintiff and the Class did not

receive the benefit of the bargain that Kohl's advertised they would receive through its use of fictitious "Regular" and "Original" prices. Instead, Plaintiff and members of the Class received items of lesser value than what Kohl's promised them, while Kohl's was unjustly enriched by selling more products, and at higher prices, than it otherwise would be able to sell absent the false price-comparison advertising scheme.

**PARTIES**

9.     Plaintiff Jill Hennessey is and was at all relevant times herein a natural person and a resident of St. Charles, Missouri. During the proposed Class Period (defined below), Plaintiff bought numerous private and exclusive branded products for personal, family or household purposes at an advertised discount of more than 20% from an advertised "Regular" or "Original" price at one or more Kohl's retail stores located in Missouri, and she bought numerous such products from the Kohl's website while she was in Missouri.

10.     Defendant Kohl's Corporation is and, at all relevant times herein was, a Wisconsin corporation with its headquarters/principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin. Plaintiff is informed and believes and thereon alleges that Defendant is licensed to do business in Missouri.

11.     Defendant Kohl's Department Stores, Inc. is and was, at all relevant times herein, a Delaware corporation with its headquarters/principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin. Kohl's Department Stores, Inc. is wholly owned by and serves as the primary operating subsidiary of Defendant Kohl's Corporation. Plaintiff is informed and believes and thereon alleges that Defendant is licensed to do business and is doing business in the State of Missouri.

5

12.     Defendants aided and abetted, encouraged and rendered substantial assistance to each other in committing the unlawful and deceptive acts alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of the wrongdoing and realized that the conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

13.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 20 and therefore sues these Defendants by such fictitious names. Plaintiff alleges on information and belief that at all relevant times each of the DOE Defendants was responsible, in some manner, for the acts, omissions, and occurrences herein alleged and Plaintiff's damages were proximately caused thereby.  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants after they have been ascertained.

14.     Plaintiff is informed and believes and thereupon alleges that at all relevant times herein, each Defendant was the agent, representative, partner, parent company, subsidiary or affiliate of the other Defendants and was acting within the authority of such agency, representation, partnership, or affiliation while doing or omitting to do the acts alleged herein and with the permission, approval, consent, and/or ratification of all other Defendants.

15.     There exists, and at all times herein mentioned existed, a unity of interest and ownership between all of the Defendants, such that all individuality and separation ceased and Defendants became the alter egos of the other Defendants and their principals.  Whenever in this complaint a reference is made to any act or omission of a particular Defendant, such allegation shall be deemed to mean that said Defendant, and its officers, directors, agents, representatives, and employees did authorize such act while actively engaged in the management, direction or

control of that Defendant, and while acting within the course and scope of their employment or agency.

## JURISDICTION AND VENUE

16.     Plaintiff and/or other putative Class Members have different citizenship from Defendants.

17.     The aggregate amount of damages incurred by Plaintiff and the Class (as defined below) exceeds $5,000,0000.

18.     Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. Section 1332, subdivision (d).

19.     As set forth herein, each Defendant has sufficient contact and presence within the State of Missouri to confer this Court with personal jurisdiction over each Defendant.  Kohl's owns, operates, licenses and otherwise controls approximately 27 retail stores in the State of Missouri, in which it sells, among other consumer goods, private and exclusive label clothing, footwear, home products, and accessories.  Kohl's also owns an approximately 540,000 square foot distribution center in Missouri by which it receives, holds and ships merchandise to its Missouri stores where it will be sold to Missouri consumers.  Kohl's also operates its website, Kohl's.com, from which Missouri residents can and do buy merchandise, including private and exclusive branded products falsely advertised with a discount of 20% or more below their purported "Regular" or "Original" prices.

20.     Venue is proper in this Court under 28 U.S.C. Section 1391 because Defendants transact business in this judicial district in the County of St. Louis, State of Missouri, and the claims of Plaintiff and other putative Class Members arose in this judicial district.  Plaintiff

resides in this judicial district, viewed Defendants' false and misleading advertisements in this judicial district, and purchased items at Defendants' stores located in this judicial district.

## **GENERAL ALLEGATIONS**

21.     The majority of Kohl's sales have historically derived from its exclusive and private label products which, according to its public filings, are available "only at Kohl's."  Upon information and belief, these products are sold solely at the stores and/or website owned, operated, licensed or otherwise controlled by Kohl's.  As such, Kohl's defines, sets and controls all prices for these products, and its internal records of historical transactions can be relied on to establish the actual market value for each such item.

22.     Kohl's affixes (or arranges for its manufacturers to affix) price tags on all (or virtually all) of its private and exclusive branded products.  While Kohl's refers to the prices on its tags as the "Regular" or "Original" prices, those prices are not actual, bona fide prices at which Kohl's has recently sold such items, and Kohl's does not have any good faith or bona fide intention of offering or selling any meaningful quantity of those products at the prices displayed on the tags.

23.     Instead, throughout the Class Period, Kohl's has routinely advertised (through its price tags, in-store signs and advertisements, on-line, emails and print advertisements) that its exclusive and private label products are available for purchase at significantly marked-down "sale" prices as compared to Kohl's higher "Regular" or "Original" prices.  At checkout, Kohl's perpetuates the deception by providing customers with receipts that show both the advertised "Regular" or "Original" price (sometimes referred to as the "item" price), as well as the lower sale price and total amount that the customer purportedly "saved" in the transaction.  Through these practices, Kohl's represents that its private and exclusive branded products have a much

8

higher market value and worth than the discounted "sale" prices that Plaintiff and the members of the Class paid to purchase them.

24.     In reality, the purported "sales" and discounts are false, misleading, and in violation of Missouri law because the advertised former ("Regular," "Original" and "item") prices do not reflect a price at which Kohl's has recently and in good faith sold the products in substantial quantities, or prices at which Kohl's has recently and in good faith offered to sell them for a substantial period of time.  In fact, Kohl's sells, at most, only a tiny fraction (significantly less than 5%) of its private and exclusive branded products at their purported "Regular" or "Original" prices and, in many instances, it does not sell *any* of those items at the advertised former prices.  This is because Kohl's does not offer to sell the products at the "Regular" or "Original" price for a substantial period of time preceding the advertised "sale" and, in many instances, it does not offer to sell them at the higher advertised former prices at all.

25.     Kohl's also offers a constant array of promotions, such as store-wide sales, "Kohl's cash," coupons, and discounts associated with its credit cards, such that the average actual selling price (and therefore market value) of each item is often *less* than the purported "sale" price.  In other words, a consumer who purchases from Kohl's a private or exclusive branded product at the advertised "sale" price is likely paying more than the amount most people pay for that item and, therefore, likely paying more than the actual fair market value of the item.

26.     Since the higher advertised former prices materially overstate the actual market value and worth of Kohl's private and exclusive branded products, consumers like Plaintiff and the Class who buy these products do not receive the benefit of the bargain Kohl's promises them, and they suffer damages because they do not receive items that have the value or worth that Kohl's represents they have.  Instead, Plaintiff and the members of the Class received products

that, based on actual, historical selling prices, have a market value that was, at the time of purchase, significantly below the advertised former comparison price and, in many cases, below the prices they paid to purchase those items.

27.     Through its use of fictitious and unsubstantiated "Regular" and "Original" former prices, Kohl's intentionally and/or negligently misrepresented and/or failed to disclose material information concerning the actual value or worth of the private and exclusive branded products it sold to Plaintiff and the Class.  In publishing, displaying, and otherwise communicating and disseminating the higher "Regular" or "Original" former prices, and the advertised discounted "sale" prices, and in concealing the true information, Kohl's intended to induce Plaintiff and members of the Class to purchase its private and exclusive branded products in quantities and/or at prices at which they would not otherwise have agreed.

28.     Kohl's knew or should have known that its price-comparison advertisements conveyed false information to consumers, including Plaintiff, about the value and worth of the merchandise Kohl's sells.  Academic literature and consumer studies show that false price comparisons influence consumer behavior; that reasonable consumers are likely to infer that an advertised "Regular" or "Original" price is a comparison to a price of the same item recently sold at the same retailer; that higher former prices influence consumer perception of value and purchasing decisions; and that if a former comparison price is fictitious or inflated, it is likely to deceive consumers by creating illusions of savings that the consumer thinks they need to take advantage of by purchasing the product now rather than risk losing the purported savings or continuing to look for a better deal elsewhere.

29.     Kohl's further knew or should have known that, as discount size increases, consumers' perceptions of value and their willingness to buy the product increases, while their

intention to search for a lower price decreases.  Accordingly, information concerning a product's "Regular" or "Original" price is a material term which influenced Plaintiff, acting as a reasonable consumer, in making decisions as to whether to purchase items advertised and sold by Kohl's.

30.     At their time of purchase, Plaintiff and members of the Class saw and/or were informed of Kohl's advertised "Regular" or "Original" prices of Defendants' exclusive and private branded products under the price-comparison advertising scheme.

## PLAINTIFF WAS A VICTIM OF KOHL'S PRACTICES

31.     Plaintiff has been a frequent Kohl's shopper for a number of years.  After being exposed to and influenced by Defendants' price-comparison advertising scheme, Plaintiff purchased numerous Kohl's private and exclusive branded products for personal, family or household purposes during the Class Period.  Plaintiff made these purchases both in Kohl's retail stores and from its website.

32.     In making said purchases, Plaintiff was misled as to the higher comparison value of the products that Kohl's advertised, and Plaintiff would not have purchased the items, or she would not have purchased as many items as she did, in the absence of Kohl's price-comparison advertising scheme.  Alternatively, if Kohl's had offered a truthful discount from the actual, former prices of its private and exclusive branded products, Plaintiff would have paid less than she did pay to purchase those items based on an actual and truthful discount.  In any event, Plaintiff did not receive the actual value that Kohl's represented she would receive through its false and misleading price-comparison advertising scheme.

33.     For example, on or about September 5, 2016, Plaintiff shopped at the Kohl's retail store located in O'Fallon, Missouri and purchased numerous items advertised as being on "sale"

11

from their purported "Regular" or "Original" price.  This transaction included the following products at least some of which, on information and belief, were Kohl's private or exclusive branded products:

| QTY | SKU or UPC # | ITEM DESCRIPTION | ADVERTISED FORMER PRICE | ADVERTISED "SALE" PRICE | ADDITIONAL DISCOUNT | PRICE PAID[1] |
|---|---|---|---|---|---|---|
| 1 | 756500946507 | Mens Neckwear | $34.00 | $20.40 | "Special Offer" 20% ($4.09) | $16.31 |
| 1 | 026414420050 | Mens Neckwear | $34.00 | $20.40 | "Special Offer" 20% ($4.09) | $16.31 |
| 1 | 631712285777 | Mens Dress Shirt | $50.00 | $29.99 | "Special Offer" 20% ($5.99) | $24.00 |
| 1 | 400984286443 | Mens Dress Shirt | $32.00 | $14.99 | "Special Offer" 20% ($2.99) | $12.00 |
| 1 | 400951495519 | MNS Fashion Boot | $79.99 | $39.99 | "Special Offer" 20% ($7.99) | $32.00 |

34.     Plaintiff is now informed and believes and thereupon alleges that the advertised "Regular" or "Original" prices of each of these items were false and misleading, and in violation of Missouri law, because they did not represent the actual, bona fide prices at which Kohl's had recently offered to sell each product for a reasonable period of time, or at which Kohl's sold a substantial number of such products, in the time period recently preceding her transaction. Plaintiff is further informed and believes that Kohl's may have failed to disclose intermediate markdowns that took place prior to her purchase.  Plaintiff is further informed and believes that the prevailing retail price and, therefore, the actual fair market value of each item at the time of her purchase was materially lower than the advertised former price and may have even been less than the so-called "sale" price.  As a result, Plaintiff suffered monetary damages because she did not receive products worth the higher values Kohl's represented she would receive, and she

---

[1] This is the price Plaintiff paid, excluding tax.

therefore did not receive the benefit of the bargain that Kohl's promised.  Alternatively, Plaintiff

paid more than the actual, fair market value of each item, while Kohl's was unjustly enriched and

received ill-gotten gains.

35.    The receipt that Plaintiff received from Kohl's in connection with this transaction

states that Plaintiff "saved" $166.94, including purported additional discount "savings"

associated with two other items purchased.  A true and correct copy of the receipt that Plaintiff

received from Kohl's in this transaction is attached hereto as Exhibit 1.  For the same reasons

articulated above, the representation that Plaintiff "saved" $166.94 lacked substantiation in fact

and was, therefore, also false and misleading.

36.    Similarly, on or about December 7, 2016, Plaintiff shopped at the Kohl's retail

store located in O'Fallon, Missouri and purchased numerous items advertised as being on "sale"

from their former price.  This transaction included the following products at least some of which,

on information and belief, were Kohl's private or exclusive branded products:

| QTY | SKU or UPC # | ITEM DESCRIPTION | ADVERTISED FORMER PRICE | ADVERTISED "SALE" PRICE | ADDITIONAL DISCOUNT | PRICE PAID[2] |
|---|---|---|---|---|---|---|
| 1 | Illegible | Misses Knits | $18.00 | $9.99 | "Friends & Family 25%" ($2.50) | $7.49 |
| 1 | 400339990889 | Misses Knits | $18.00 | $9.99 | "Friends & Family 25%" ($2.50) | $7.49 |
| 1 | 400610566109 | Misses Wovens | $30.00 | $12.00 | "Friends & Family 25%" ($3.01) | $8.99 |
| 1 | 400610566703 | Misses Wovens | $30.00 | $12.00 | "Friends & Family 25%" ($3.00) | $9.00 |
| 1 | 716273155292 | Sleepwear | $26.00 | $16.99 | "Friends & Family 25%" | $12.75 |

---

[2] This is the price Plaintiff paid, excluding tax.

| | | | | | ($4.24) | |
|---|---|---|---|---|---|---|
| 1 | 4008485037661 | Misses Bottoms | $44.00 | $27.99 | "Friends & Family 25%" ($6.99) | $21.00 |
| 1 | 400654305313 | Misses Bottoms | $44.00 | $27.99 | "Friends & Family 25%" ($6.99) | $21.00 |

37.     Plaintiff is now informed and believes and thereupon alleges that the advertised "Regular" or "Original" prices of each of these items were false and misleading, and in violation of Missouri law, because they did not represent the actual, bona fide prices at which Kohl's had recently offered to sell each product for a reasonable period of time, or at which Kohl's sold a substantial number of such products, in the time period recently preceding her transaction. Plaintiff is further informed and believes that Kohl's may have failed to disclose intermediate markdowns that took place prior to her purchase.  Plaintiff is further informed and believes that the prevailing retail price and, therefore, the actual fair market value of each item at the time of her purchase was materially lower than the advertised former price and may have even been less than the so-called "sale" price.  As a result, Plaintiff suffered monetary damages because she did not receive products worth the higher values Kohl's represented she would receive, and she therefore did not receive the benefit of the bargain that Kohl's promised.  Alternatively, Plaintiff paid more than the actual, fair market value of each item, while Kohl's was unjustly enriched and received ill-gotten gains.

38.     The receipt that Plaintiff received from Kohl's in connection with this transaction states that Plaintiff "saved" $319.39, including purported additional discount "savings" associated with six other items purchased.  A true and correct copy of the receipt that Plaintiff received from Kohl's in this transaction is attached hereto as Exhibit 2.  For the same reasons

14

articulated above, the representation that Plaintiff "saved" $319.39 lacked substantiation in fact and was, therefore, also false and misleading.

39.     Similarly, on or about May 27, 2019, Plaintiff shopped on the Kohl's website and purchased numerous private and exclusive branded products for personal, family or household purposes.  This transaction included a pair of Women's Sonoma (a Kohl's private or exclusive brand) Cuffed Jean Shorts advertised with an "Original" price of $32.00 and a "sale" price of $19.99.[3]  In deciding to purchase this item, Plaintiff was influenced by Kohl's representation that it had an "Original" price and, therefore, fair market value of $32.00, and that she could buy this item at a substantial discount from its purported "Original" price (and fair market value).

40.     Plaintiff is now informed and believes and thereupon alleges that the alleged $32.00 "Original" price was false and misleading, and in violation of Missouri law, because it did not represent the actual, bona fide price at which Kohl's had recently offered to sell the product for a reasonable period of time, or at which Kohl's sold a substantial number of such products, in the time period recently preceding her transaction.  Plaintiff is further informed and believes that Kohl's may have failed to disclose intermediate markdowns that took place prior to her purchase.  Plaintiff is further informed and believes that the prevailing retail price and, therefore, the actual fair market value of the item at the time of her purchase was materially lower than the advertised $32.00 "Original" price and may have even been less than the so-called "sale" price.  As a result, Plaintiff suffered monetary damages because she did not receive a product worth $32.00, as Kohl's represented she would receive, and therefore did not receive the benefit of the bargain that Kohl's promised.  Alternatively, Plaintiff paid more than the actual, fair market value of the item, while Kohl's was unjustly enriched and received ill-gotten gains.

---

[3] As a result of one or more coupons and/or separate promotions, Plaintiff ultimately paid $11.94 to purchase this item.

41.     On or about May 27, 2019, Plaintiff also purchased from the Kohl's website a beach towel made by The Big One" (a Kohl's private or exclusive brand) advertised with an "Original" price of $23.99 and a "sale" price of $9.99.[4]  In deciding to purchase this item, Plaintiff was influenced by Kohl's representation that it had an "Original" price and, therefore, fair market value of $23.99, and that she could buy it at a substantial discount from its purported "Regular" price (and fair market value).

42.     Plaintiff is now informed and believes and thereupon alleges that the alleged $23.99 "Original" price was false and misleading, and in violation of Missouri law, because it did not represent the actual, bona fide price at which Kohl's had recently offered to sell the product for a reasonable period of time, or at which Kohl's sold a substantial number of such products, in the time period recently preceding her transaction.  Plaintiff is further informed and believes that Kohl's may have failed to disclose intermediate markdowns that took place prior to her purchase.  Plaintiff is further informed and believes that the prevailing retail price and, therefore, the actual market value and worth of this item at the time of her purchase was materially lower than the advertised $23.99 "Original" price and may have even been less than the so-called "sale" price.  As a result, Plaintiff suffered monetary damages because she did not receive products worth $23.99, as Kohl's represented she would receive, and therefore did not receive the benefit of the bargain that Kohl's promised.  Alternatively, Plaintiff paid more than the actual, fair market value of these items, while Kohl's was unjustly enriched and received ill-gotten gains.

43.     On or about May 27, 2019, Plaintiff also purchased from the Kohl's website two Women's Croft & Barrow (a Kohl's private or exclusive brand) Classic Crewneck Tee shirts,

---

[4] As a result of one or more coupons and/or separate promotions, Plaintiff ultimately paid $5.99 to purchase each of these items.

each advertised with a "Regular" price of $13.00 and a "sale" price of $7.99.[5]  In deciding to purchase these items, Plaintiff was influenced by Kohl's representation that they had a "Regular" price and, therefore, fair market value of $13.00, and that she could buy them at a substantial discount from their purported "Regular" price (and fair market value).

44.     Plaintiff is now informed and believes and thereupon alleges that the alleged $13.00 "Regular" price was false and misleading as to each item, and in violation of Missouri law, because it did not represent the actual, bona fide price at which Kohl's had recently offered to sell the products for a reasonable period of time, or at which Kohl's sold a substantial number of such products, in the time period recently preceding her transaction.  Plaintiff is further informed and believes that Kohl's may have failed to disclose intermediate markdowns that took place prior to her purchase.  Plaintiff is further informed and believes that the prevailing retail price and, therefore, the actual market value and worth of these items at the time of her purchase was materially lower than the advertised $13.00 "Regular" price and may have even been less than the so-called "sale" price.  As a result, Plaintiff suffered monetary damages because she did not receive products worth $13.00, as Kohl's represented she would receive, and therefore did not receive the benefit of the bargain that Kohl's promised.  Alternatively, Plaintiff paid more than the actual, fair market value of these items, while Kohl's was unjustly enriched and received ill-gotten gains.

45.     On or about May 27, 2019, Plaintiff also purchased from the Kohl's website a Women's Sonoma (a Kohl's private or exclusive brand) Goods for Life Essential Crewneck Tee shirt advertised with a "Regular" price of $13.00 and a "sale" price of $7.99.[6]  In deciding to

---

[5] As a result of one or more coupons and/or separate promotions, Plaintiff ultimately paid $4.79 to purchase each of these items.
[6] As a result of one or more coupons and/or separate promotions, Plaintiff ultimately paid $4.79 to purchase this item.

purchase this item, Plaintiff was influenced by Kohl's representation that it had a "Regular" price and, therefore, fair market value of $13.00, and that she could buy this item at a substantial discount from its purported "Original" price (and fair market value).

46.    Plaintiff is now informed and believes and thereupon alleges that the alleged $13.00 "Regular" price was false and misleading, and in violation of Missouri law, because it did not represent the actual, bona fide price at which Kohl's had recently offered to sell the product for a reasonable period of time, or at which Kohl's sold a substantial number of such products, in the time period recently preceding her transaction.  Plaintiff is further informed and believes that Kohl's may have failed to disclose intermediate markdowns that took place prior to her purchase. Plaintiff is further informed and believes that the prevailing retail price and, therefore, the actual market value and worth of the item at the time of her purchase was materially lower than the advertised $13.00 "Regular" price and may have even been less than the so-called "sale" price. As a result, Plaintiff suffered monetary damages because she did not receive a product worth $13.00, as Kohl's represented she would receive, and therefore did not receive the benefit of the bargain that Kohl's promised.  Alternatively, Plaintiff paid more than the actual, fair market value of the item, while Kohl's was unjustly enriched and received ill-gotten gains.

47.    On or about May 27, 2019, Plaintiff also purchased from the Kohl's website a Women's Sonoma (a Kohl's private or exclusive brand) Goods for Life Zip-Up Hoodie advertised with an "Original" price of $30.00 and a "sale" price of $14.99.[7]  In deciding to purchase this item, Plaintiff was influenced by Kohl's representation that the item had an "Original" price and, therefore, fair market value of $30.00, and that she could buy this item at a substantial discount from its purported "Original" price (and fair market value).

---

[7] As a result of one or more coupons and/or separate promotions, Plaintiff ultimately paid $8.95 to purchase this item.

48.     Plaintiff is now informed and believes and thereupon alleges that the alleged $30.00 "Original" price was false and misleading, and in violation of Missouri law, because it did not represent the actual, bona fide price at which Kohl's had recently offered to sell the product for a reasonable period of time, or at which Kohl's sold a substantial number of such products, in the time period recently preceding her transaction.  Plaintiff is further informed and believes that Kohl's may have failed to disclose intermediate markdowns that took place prior to her purchase.  Plaintiff is further informed and believes that the prevailing retail price and, therefore, the actual market value and worth of the item at the time of her purchase was materially lower than the advertised $30.00 "Original" price and may have even been less than the so-called "sale" price.  As a result, Plaintiff suffered monetary damages because she did not receive a product worth $30.00, as Kohl's represented she would receive, and therefore did not receive the benefit of the bargain that Kohl's promised.  Alternatively, Plaintiff paid more than the actual, fair market value of the item, while Kohl's was unjustly enriched and received ill-gotten gains.

49.     The transactions described above are but a small sampling of the numerous private and exclusive branded products that Plaintiff purchased from Kohl's (both on its website and in its retail stores) during the Class Period based on similar false and misleading representations concerning those products' "Regular" or "Original" prices.  Plaintiff was similarly influenced by, and injured as a result of, Kohl's false and deceptive price comparisons with respect to each such purchase and, by detailing the above transactions, Plaintiff does not in any way intend to limit the scope of her claims or request for relief to the detailed transactions.  Rather, Plaintiff expressly seeks damages for all of her similar transactions with Kohl's and, if

necessary, Plaintiff will amend or seek leave to amend this Complaint to detail such additional transactions.

50.     Plaintiff would like to shop at Kohl's again in the immediate future, but she currently cannot trust that Kohl's will advertise truthful price comparisons in compliance with Missouri law.  If Kohl's agrees to voluntarily change its practices, or if Kohl's is ordered to do so by a court of competent jurisdiction, such that Plaintiff can reasonably trust that Kohl's price comparison advertisements will comply with Missouri law, Plaintiff will return to shop at Kohl's.

51.     Kohl's deceptive practices are wide-spread over the course of many years. Plaintiff therefore believes that hundreds or thousands of similar and materially indistinguishable acts of misleading, untrue, false and deceptive price-comparison advertising were committed by Kohl's with respect to Class Members' purchases at Kohl's stores and on its website throughout Missouri during the Class Period.

52.     Plaintiff asserts that Defendants continue to employ unfair, deceptive, false, misleading, and untrue advertising practices as alleged herein.  Plaintiff, on behalf of herself and the putative Class, seeks all actual damages, punitive damages, injunctive relief, costs, attorneys' fees, and any other relief the Court deems proper.

## CLASS DEFINITION

53.     The Class is defined as follows:

"All persons who, while in the state of Missouri, and any time between the date

that is five years immediately preceding the filing of this lawsuit and the date of

any judgment in this case (the "Class Period"), purchased from Kohl's (either at a

Kohl's retail store or from its website) for personal, family or household purposes

one or more private or exclusive branded items advertised with a "Sale" price of

20% or more below a stated "Original" or "Regular" price and who have not

received a refund or credit for their purchase(s)."

Excluded from the Class are Defendants, as well as their officers, directors, employees.

54.     Plaintiff reserves the right to amend this Class definition, including the addition of

any subclasses and or modification of the Class Period, at any time based upon further

investigation, information and/or discovery.

## <u>CLASS ALLEGATIONS</u>

55.     Plaintiff seeks certification of the Class pursuant to Federal Rules 23(a) and

23(b)(3) and may also, or in the alternative, seek certification of subclasses and/or particular

issues pursuant to Federal Rules 23(c)(4) and (5).

56.     The members of the Class identified above are so numerous that joinder of all

members is impracticable.  While the exact number of Class Members is unknown to Plaintiff at

this time, the individual identities of the individual members of the Class are ascertainable

through Defendants' records and/or by public notice and self-identification.

57.     There is a well-defined community of interest in the questions of fact and law

involved affecting the members of the Class.  The questions of law and fact common to the

members of the Class predominate over questions affecting only individual Class Members, and

include, but are not limited to, the following:

   a.     Whether Kohl's made false or misleading statements in connection with

   its price-comparison advertising;

b.      Whether Kohl's price-comparison advertising regarding its private and exclusive branded products was false, deceptive, misleading or unlawful under Missouri law;

c.      Whether Kohl's advertisements were likely to deceive a reasonable consumer;

d.      Whether Kohl's statements regarding its price comparisons were material to Plaintiff's and consumers' purchasing decisions;

e.      Whether the "Regular" or "Original" prices advertised by Kohl's were actual and bona fide, or fictitious under Missouri law;

f.      Whether Kohl's had a bona fide intent of selling a reasonable quantity of its private and exclusive branded items at the advertised "Original" or "Regular" prices;

g.      Whether the "Original" or "Regular" prices advertised by Kohl's overstate the fair market value of the items so advertised;

h.      Whether Plaintiff and putative Class Members have suffered damages as a result of Kohl's conduct;

i.      Whether Plaintiff and the Class received the benefit of the bargain that Kohl's advertised they would receive;

j.      Whether the members of the Class are entitled to injunctive relief;

k.      Whether the members of the Class are entitled to pre-judgment and post-judgment interest;

l.      Whether the members of the Class are entitled to punitive damages; and

m.      Whether the members of the Class are entitled to an award of reasonable attorneys' fees and costs.

58.     Plaintiff's claims are typical of the claims of the other members of the Class which all arise from the same operative set of facts involving Kohl's false price-comparison advertising scheme and are entitled to damages of the same character.

59.     Plaintiff will fairly and adequately protect the interests of the Class and has no known conflicts of interest.  Plaintiff has retained counsel experienced in handling consumer class actions of the type alleged herein.

60.     Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class Members and would lead to repetitious trials of the numerous common questions of fact and law in the State of Missouri; and could lead to the establishment of incompatible standards of conduct for Defendants.  Such individual adjudications would be, as a practical matter, dispositive of the interests of, or would substantially impair or impede the interests of, the other Class Members. Plaintiff is not aware of any difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

61.     Defendants have acted or have refused to act on grounds that generally apply to the Class and final injunctive relief is appropriate as to the Class as a whole.  Specifically, Defendants have advertised misleading and untrue "Regular" or "Original" prices of their private and exclusive brand items in violation of Missouri law, and injunctive relief is necessary to avoid ongoing violations in the future.

62.     The common questions of law and fact predominate over any questions affecting only individual members.  Furthermore, a class action is a superior method for fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with applicable law.  The interest of Class Members in individually controlling the

prosecution of separate claims against Defendants is small relative to the cost of maintaining an action.

63.     Proper and sufficient notice of this action may be provided to the Class Members through methods best designed to provide adequate notice, including potentially a combination of electronic mail and/or postal mail, internet website, and/or publication.

64.     Furthermore, the Class Members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class.  Absent certification of this action as a class action, Plaintiff and the members of the Class will continue to be damaged, thereby allowing Defendants to retain the proceeds of their ill-gotten gain.

65.     Plaintiff alleges that, as a direct result of bringing the allegations herein to Defendants' attention, Plaintiff has or will make substantial and important changes to Defendants' advertising practices.  Thus, Plaintiff has or will enforce an important public right affecting the public interest, conferring a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.  Plaintiff further alleges that private enforcement of the laws-in-question is both necessary and financially burdensome for Plaintiff.

## COUNT I

### Unlawful Practices in Violation of the Missouri Merchandising Practices Act

66.     Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

67.     The Missouri Merchandising Practices Act ("MMPA") provides, in part, that "[t]he act, use or employment by any person of any deception, fraud, false pretense, false

promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice." V.A.M.S. § 407.020(1).

68.     Kohl's violates the MMPA because its price-comparison advertising scheme violates federal regulations promulgated by the FTC, including 16 C.F.R. § 233.1(a), which describes acts and practices materially indistinguishable from those of Kohl's as deceptive.

69.     Kohl's also violates the MMPA because its price-comparison advertising scheme violates numerous rules promulgated by the Missouri Attorney General, which such acts and practices are deemed to violate the MMPA, including the following:

    a.     A seller, such as Kohl's, may not "use terminology implying a reduction from a price in effect immediately prior to the advertisement (examples: sale, sale prices, now only $__) unless . . . [t]he reduction is, in fact, from a bona fide regular price in effect immediately prior to the advertisement." 15 CSR 60-7.050.

    b.     A seller, such as Kohl's, may not make any price comparison in which the product being advertised materially differs in composition, grade or quality, style or design, model, name or brand, kind or variety, or service and performance characteristics from the comparative product, unless the seller clearly discloses the material difference in the advertisement with the price comparison. 15 CSR 60-7.060(1).

    c.     A seller, such as Kohl's, also shall not make a price comparison to a former price, including through the use of terms such as "regular" or "original" price, unless the

comparative former price is actual, bona fide and not illusory or fictitious, and is—

- A price at which reasonably substantial sales of the product were made to the public by the seller in the regular course of the seller's business, and on a regular basis during a reasonably substantial period of time in the immediate, recent period preceding the advertisement.  There shall be a rebuttable presumption that the seller has not complied with these terms unless the seller can show that the percentage of unit sales of the product at the comparative price, or at prices higher than the comparative price, is ten percent (10%) or more of the total unit sales of the product during a period of time, not less than thirty (30) days nor more than twelve (12) months, which includes the advertisement; or

- A price at which the product was openly and actively offered for sale to the public by the seller in the regular course of the seller's business, and on a regular basis during a reasonably substantial period of the time in the immediate, recent period preceding the advertisement. There shall be a rebuttable presumption that the seller has not complied with these terms unless the seller can show that the product was offered for sale at the comparative price, or at prices higher than the comparative price, forty percent (40%) or more of the time during a period of time, not less than thirty (30) days nor more than twelve (12) months, which includes the advertisement;

- A price at which reasonably substantial sales of the product were made to the public by the seller in the regular course of the seller's business, and on a regular basis during a reasonably substantial period of time in any period preceding the advertisement, and the advertisement clearly discloses, with the price comparison, the date, time or seasonal period of that offer.  There shall be a rebuttable presumption that the seller has not complied with these terms unless the seller can show that the percentage of unit sales of the product at the comparative price, or at prices higher than the comparative price, is ten percent (10%) or more of the total unit sales of the product during the disclosed date, time or seasonal period; or

- A price at which the product was openly and actively offered for sale to the public by the seller in the regular course of the seller's business, and on a regular basis during a reasonably substantial period of time in any period preceding the advertisement, and the advertisement clearly discloses with the price comparison, the date, time or seasonal period of that offer.  There shall be a rebuttable presumption that the seller has not complied with these terms unless the seller can show that the product was offered for sale at the comparative price, or at prices higher than the comparative price, forty percent (40%) or more of the time during a period of time, not less than thirty (30) days nor more than twelve (12) months, which includes or is included within the disclosed date, time or seasonal period.

27

15 CSR 60-7060(2)(B).

70.     As alleged herein, Plaintiff is entitled to a rebuttable presumption that Kohl's

violates the MMPA because it cannot show that it complies with any of the above requirements

in connection with its price-comparison advertising scheme.

71.     Additionally, a seller, such as Kohl's, shall not make any price comparison to a

former price that is not based on the price in effect immediately preceding the reduction unless

the seller clearly discloses that intermediate price reductions have been made. 15 CSR 60-

7060(2)(C).  As alleged herein, Kohl's does not disclose intermediate price reductions in

violation of this rule and in further violation of the MMPA.

72.     Finally, a seller shall not use any price comparison or savings claims in its

advertisement of products in Missouri unless it maintains adequate records which disclose the

factual basis for the price comparison or savings claims and from which the validity of any claim

can be established, and these records shall be maintained for at least twelve (12) months from the

date of the advertisement.  Upon information and belief, Kohl's does not maintain adequate

records that disclose the basis for its price comparison and upon which the validity of its price

comparison claims can be established and thereby further violates the MMPA.

73.     Any person who purchases or leases merchandise primarily for personal, family

or household purposes and thereby suffers an ascertainable loss of money or property, real or

personal, as a result of the use or employment by another person of a method, act or practice

declared unlawful by Section 407.020, may bring a private civil action to recover actual

damages.  The court may, in its discretion, award punitive damages and may award to the

prevailing party attorneys' fees, based on the amount of time reasonably expended, and may

provide such equitable relief as it deems necessary or proper.  V.A.M.S. 407.025.

74.     As alleged herein, Plaintiff and the Class purchased from Kohl's various private and exclusive branded products for personal, family or household purposes.  Kohl's advertised that these products were on "sale" at a substantial discount compared to Kohl's former price, which Kohl's refers to as its "Regular" or "Original" price.  In reality the "sale" prices were not reductions from bona fide prices in effect immediately prior to the advertised sales, and the higher "Regular" and "Original" prices were not prices at which Kohl's had recently sold such products in substantial quantities, or prices at which Kohl's had recently offered to sell such products for a substantial period of time.  Additionally, Kohl's routinely failed to disclose intermediate price reductions such that the advertised former price was not the price in effect immediately preceding the transaction and Kohl's has not maintained records showing the validity of its price comparisons as required by the MMPA.

75.     The acts and practices of Kohl's, as alleged herein, were intended and likely to deceive consumers.

76.     The acts and practices of Kohl's, as alleged herein, caused actual damages to Plaintiff and the Class, who did not receive the benefit of their bargain because the actual market value of the products they purchased was materially less than the former "Regular" and "Original" prices advertised by Kohl's.  On behalf of herself and the Class, Plaintiff seeks from Kohl's benefit of the bargain damages, in addition to punitive damages, interest, attorneys' fees and any and all other relief to which they are entitled.

77.     In addition, Plaintiff and the putative Class seek and are entitled to a permanent injunction restraining Defendants from continuing to violate Missouri law through its price-comparison advertising scheme.

## COUNT II

### Unjust Enrichment

78.     Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

79.     As a result of Defendants' false price comparison advertising scheme, Kohl's was unjustly enriched at the expense of Plaintiff and the Class who purchased from Kohl's more products and/or paid higher prices than they would have absent the scheme.

80.     Kohl's intentionally accepted, retained and appreciated the money that Plaintiff and the Class spent purchasing products that were tainted and influenced by the false price comparison advertising scheme.

81.     Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiff and the Class in light of the fact that the products that Plaintiff and the Class purchased from Kohl's did not have the higher value or worth that Kohl's represented they had through its false former "Regular" and "Original" price comparisons.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the putative Class pray for judgment against all Defendants as follows:

1.     For an order that this action be certified as a class action on behalf of the proposed Class and Plaintiff be appointed as representative of the Class; and

2.     For an order and judgment preliminarily and permanently enjoining Defendants from employing, utilizing or otherwise publishing false, untrue, and misleading "Regular" or "Original" prices;

3.      For an order compelling Defendants to institute policies and procedures which will educate Defendants' employees as to Missouri price-comparison advertising laws and assure that such employees follow the law;

4.      For such orders or judgments as the Court may consider necessary to prevent the use or employment of Defendants of any practices which violate Missouri law;

5.      For actual damages, measured by the benefit of the bargain that Kohl's represented, but which Plaintiff and the Class did not receive;

6.      For equitable relief, including disgorgement of ill-gotten gains and unjust enrichment obtained by Defendants;

7.      For attorneys' fees and costs;

8.      For pre-judgment interest;

9.      For post-judgment interest; and

10.     For such other and further relief as the court may deem proper.


BLITZ, BARDGETT & DEUTSCH, L.C.

By: /s/   *Christopher O. Bauman*
Robert D. Blitz #24387
Christopher O. Bauman #52480
120 South Central Ave., Suite 1500
St. Louis, Missouri 63105
314-863-1500 (office)
314-863-1877 (facsimile)
rblitz@bbdlc.com
cbauman@bbdlc.com


31

Matthew Zevin
Stanley Law Group
10021 Willow Creek Road, Suite 200
San Diego, California 92131
619- 235-5306 (office)
815-377-8419 (facsimile)
mzevin@aol.com

Scott A. Kitner
Stanley Law Group
6116 N. Central Expressway, Suite 1500
Dallas, Texas 75206
214-443-4301 (office)

*Attorneys for Plaintiff and Class*

Daniel B. Sivils #40685
121 Summer Brook Lane
Branson, Missouri 65616-7007
417-827-7202 (office)

*Attorney for Plaintiff Jill Hennessey*