# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JILL HENNESSEY, Individually and on Behalf of Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> KOHL'S CORPORATION and KOHL'S DEPARTMENT STORES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 4:19 CV 1866 DDN |

## MEMORANDUM AND ORDER

Before the Court is the motion of defendant Kohl's Corporation and Kohl's Department Stores, Inc. (collectively "Kohl's" or defendant) to dismiss the claims of plaintiff and class representative Jill Hennessey, pursuant Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6).  (Docs. 12, 13.)  All parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c).  Following the oral arguments heard by the Court both parties submitted supplemental memoranda.

## BACKGROUND

Plaintiff Jill Hennessey has brought this action individually and on behalf of all others similarly situated, invoking diversity of citizenship subject matter jurisdiction granted by 28 U.S.C. § 1332.  Plaintiff alleges two claims under Missouri state law:  (1) unlawful practices in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020(1) ("MMPA") and (2) unjust enrichment under Missouri common law.

In her complaint, plaintiff alleges the following facts.  Kohl's markets its merchandise to the public by making false and misleading price comparisons in connection with the advertisement and sale of its private brand merchandise that is available "only at Kohl's" and its exclusive brands that are developed and marketed through agreements with nationally-recognized brands.  The false and misleading price comparisons appear on price tags affixed to items, on signs posted in Kohl's retail stores, in print advertisements, in mailing circulars, and on

Kohl's website Kohls.com.  Plaintiff alleges defendant represents that customers can buy its private and exclusive brand products "on sale" at a substantial discount from its advertised former prices, which defendant refers to as the "regular" or "original" prices.  In reality the "sale" discounts are illusory, fictitious, and in violation of Missouri law, because the "regular" and "original" prices are not actual bonafide recent former prices of the products.  Defendant actually sells less than 5% of its private and exclusive branded products at regular or original prices.  Additionally, defendant has not sold substantial quantities at the regular or original prices in the recent past, nor has it offered to sell merchandise for a reasonable and substantial period of time preceding the advertised "sale." (*Id.*)  At checkout defendant perpetuates the deception by providing customers with a receipt that shows an item's original advertised item price, its lower sale price, and "the total amount the customer purportedly saved in the transaction."  (*Id.* at ¶ 23.)

Plaintiff further alleges that defendant offers a constant array of promotions, such as, storewide sales, "Kohl's Cash," coupons, and discounts associated with credit card sales, such that the actual selling price and related market value of each item is often less than the purported "sale price." Plaintiff alleges that customers who buy products at the advertised "sale price" are "likely" paying more than the actual fair market value of the item by more than what most people pay for the same item. (*Id*. at ¶ 25.)  Additionally, through its use of fictitious regular and original former prices, Kohl's intentionally and/or negligently misrepresented and/or failed to disclose material information concerning the actual value of its products. (*Id*. at ¶ 27.)

Plaintiff alleges that defendant advertises former prices that "materially overstate the actual market value and worth" of the products.  Because of this, customers like plaintiff and the class suffer damages because they do not receive items that have the value or worth that defendant represents the products have. (*Id*. at ¶ 26.)  Plaintiff alleges that by concealing the true information, defendant intended to induce plaintiff and members of the class to purchase its products at prices they would not have otherwise agreed to pay. (*Id*. at ¶ 27.)

Plaintiff alleges that defendant knew or should have known that its price-comparison advertisements conveyed false information to consumers about the value of the merchandise it sells.  Defendant knew or should have known that as the discount sizes increase, customers' perceptions of value and willingness to buy increase, while their intention to seek lower prices decreases.  (*Id*. at ¶ 29.)

2

Plaintiff alleges she has been a frequent Kohl's shopper, both at its stores and online. She alleges she was misled by the higher price comparison value of the products advertised. She alleges she would not have purchased items or would have purchased fewer items, if defendant had not used its "price-comparison advertising scheme." Plaintiff alleges in the alternative that, if defendant had offered "a truthful discount" from "the actual, former prices of" the products, plaintiff would have paid less for the items she bought. Either way, plaintiff alleges, she "did not receive the actual value that Kohl's represented she would receive through its false and misleading price-comparison advertising scheme." (*Id*. at ¶¶ 31, 32.)

Plaintiff's complaint provides examples of plaintiff's purchases with data that include location, dates, quantity, SKU number, item description, advertised former price, advertised sale price, additional discount, and price paid for these purchases. (*Id*. at 11-19.) These transactions occurred between September 5, 2016, and May 27, 2019. (*Id*. at 11, 18.) Plaintiff, on "information and belief," alleges the advertised former price of each example item was false and misleading, and further believes defendant *may have* failed to disclose intermediate markdowns that took place prior to her purchase. *(Id*. at 11-19.)

Plaintiff alleges that she and the proposed class were exposed to and are victims of defendant's false comparisons. As a result of the alleged practices, plaintiff and the class have not received the benefit-of-the-bargain, because the products they purchased do not have the higher value and worth that defendant represented through its false and misleading regular and original price comparisons. (*Id*.)

Plaintiff seeks certification of the following class:

> All persons who, in the state of Missouri, and any time between the date that is five years immediately preceding the filing of this lawsuit and the date of any judgment in the case (the "Class Period"), purchased from Kohl's (either at a Kohl's retail store or from its website) for personal, family or household purposes one or more private or exclusive branded items advertised with a "Sale" price of 20% or more below a stated "Original" or "Regular" price and who have not received a refund or credit for their purchase(s).
>
> Excluded from the Class are Defendants, as well as their officers, directors, employees.

(*Id.* at 20-21.)

Plaintiff seeks certification of this class under F. R. Civ. P. 23(a) and 23(b)(3), because the number of class members is so numerous that joinder would be impracticable, there are

3

thirteen questions of law and fact common to the members of the class, plaintiff's claim is typical of the claims of the other class members, plaintiff will fairly and adequately protect the interest of the class to include experienced counsel in this type of allegation, the prosecution of the claims by the members individually would foster inconsistent adjudication, and individual damages are insufficient to justify the cost of litigation. (Doc. 1 at 21-24.)

## KOHL'S MOTION TO DISMISS

Defendant Kohl's moves to dismiss plaintiff's complaint, because plaintiff has failed to meet the particularity requirements of F. R. Civ. (9)(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake"), and because plaintiff has not alleged she suffered an ascertainable loss.  Further, defendant argues that, because plaintiff is aware of defendant's alleged merchandising practices, she does not have standing to seek injunctive relief to protect her from being deceived in the future.

Under Rule 12(b)(6), a party may move to dismiss all or part of a complaint for its failure to state a claim upon which relief can be granted.  Fed. R. Civ. Pro. 12(b)(6).  To overcome a motion to dismiss under Rule 12(b)(6) a complaint "must include enough facts to state a claim to relief that is plausible on its face," providing more than just labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Such a complaint will "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will state a claim for relief that rises above mere speculation.  *Twombly*, 550 U.S. at 555.

In reviewing plaintiff's complaint under this standard, the Court must accept all of plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor; however, the Court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012). Additionally, the Court "is not required to divine the litigant's intent and create claims that are not clearly raised . . . and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc).

Additionally, if allegations are grounded in fraud, they are subject to the heightened pleading standard of Rule 9(b).  To satisfy Rule 9(b), "conclusory allegations that a defendant's

4

conduct was fraudulent and deceptive are not sufficient." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

## **Missouri Merchandising Practices Act**

Defendant argues that plaintiff's MMPA claim does not allege facts that show a plausible entitlement to relief and does not allege she has suffered an ascertainable loss. The MMPA prohibits "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise. . . ." Mo. Rev. Stat. § 407.020.1.

The elements of an MMPA claim are: (1) the purchase of merchandise; (2) primarily for personal or household purposes; (3) an ascertainable loss; and (4) the ascertainable loss being the result of an act made unlawful by § 407.020. *See* Mo. Rev. Stat. § 407.025.1; *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 773 (Mo. banc 2007); *Murphy v. Stonewall Kitchen, LLC,* 503 S.W.3d 308, 311 (Mo. Ct. App. 2016); *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 549 (8th Cir.1997); *White v. Just Born, Inc.*, 2017 WL 3130333 (W.D. Mo. Jul. 21, 2017).

1. Ascertainable Loss

As stated, to allege a violation of the MMPA, plaintiff must allege facts that, if true, establish she suffered an ascertainable loss of money or property as a result of an unlawful act, which in this case plaintiff alleges includes defendant's allegedly false advertising. The ascertainable loss concept in fraud and deceit cases in Missouri imports the "benefit-of-the-bargain rule." The proper measure of damages where the claimant purchases and retains the subject property is "the difference between the actual value of the property at the time of the sale and what its value would have been if the representations had been true, for the purchaser is entitled to the full benefits of [her] bargain." *Kendrick v. Ryus*, 123 S.W. 937, 939 (Mo. 1909); *Finkee v. Boyer*, 56 S.W.2d 372, 377 (Mo. 1932); *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d at 313. If a court determines a buyer received the benefit-of-the-bargain, the buyer did not suffer an ascertainable loss. *Thompson v. Allergan USA, Inc.* 993 F. Supp. 2d 1007, 1012 (E.D. Mo. 2014).

To qualify her claims as not receiving the benefit of the bargains advertised by defendant, plaintiff must allege facts that indicate the actual, as advertised values of the products she bought

5

and that she thereby lost the difference between the values as advertised and the prices she paid. Plaintiff's allegations indicate she took defendant up on the actual values as advertised and struck their bargain when she bought and paid for them. Plaintiff suffered an ascertainable loss if the actual values of the merchandise when advertised were less than as advertised. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. 18 at 2-3) (arguing that plaintiff's damages equal "**Value Represented – Value Received"**).

Defendant's argument that plaintiff alleged she purchased products for prices she was willing to pay, because she paid them, misses the point. Plaintiff alleges the products she purchased were worth less than defendant's advertising evaluated them. If the actual values of the items were less than as advertised, plaintiff did not receive the benefit of her bargains and she suffered an ascertainable loss. *Smith v. Tracy*, 372 S.W.2d 925, 938 (Mo. 1963) (in a case involving the sale of real property, ruling "the defrauded party is entitled to the difference between the actual value of the property and what its value would have been if it had been as represented"); *Fong v. Town & Country Estates, Inc.*, 600 F.2d 179, 182 (8th Cir. 1979).

2. Heightened Pleading

To satisfy the heightened pleading requirement of Rule 9(b), plaintiff's complaint must allege the "who, what, where, when, and how" of the alleged fraud. *Drobnak v. Andersen Corp*., 561 F.3d at 783. Plaintiff must allege specifically what it was that defendant did that constituted the fraud plaintiff attributed to defendant. *U.S. ex rel. Coster v. United States*, 317 F.3d 883, 889 (8th Cir. 2003); *cf.*, *United States ex rel. Joshi v. St. Luke's Hosp., Inc*., 441 F.3d 552, 557 (8th Cir. 2006) (affirming dismissal of plaintiff's complaint that did not allege specific details to indicate how "every claim submitted by" defendant hospital was fraudulent and thereby did not comply with Rule 9(b)).

Plaintiff argues the complaint included enough facts to put defendant on notice of the misconduct alleged, as required by *Coster*, 317 F.3d at 889. Indeed, plaintiff's complaint alleges several aspects of defendant's alleged fraudulent conduct, including the dates of 18 purchases, places, prices paid for described merchandise, and the contents of defendant's advertising.

Defendant, however, argues that plaintiff has failed to plead specific facts demonstrating how it deceived her, what her expectations were, and how defendant failed to meet them. More specifically, defendant argues that plaintiff rests on "information and belief" and offers no facts

6

to support her allegations that items she purchased were in fact not offered at full price recently or frequently enough, that defendant did not make enough actual sales at those prices, that it took intermediate markdowns, or that it does not have support for its reference prices.

The Court agrees with defendant with respect to the as-advertised values of the merchandise plaintiff bought and the alleged intermediate markdowns prior to plaintiff's purchases. Without this information, the Court cannot determine whether plaintiff was deprived of the benefit of her bargain with the defendant, thereby suffering an ascertainable loss, an essential element of her MMPI and unjust enrichment claims against defendant.

Plaintiff has alleged the actual values as advertised of the merchandise she bought only in conclusory and speculative terms:

> In any event, Plaintiff did not receive the actual value that Kohl's represented she would receive through its false and misleading price-comparison advertising scheme. (Doc. 1 ¶ 32.)
>
> [Regarding five purchases made on September 5, 2016, alleged in ¶ 33,] Plaintiff is now *informed and believes* and thereupon alleges that the advertised "Regular" or "Original" prices of each of these items were false and misleading . . . because they did not represent the actual, bona fide prices at which Kohl's had recently offered to sell each product for a reasonable period of time, or at which Kohl's sold a substantial number of such products, in the time period recently preceding her transaction. Plaintiff is *further informed and believes* that Kohl's *may have* failed to disclose intermediate markdowns that took place prior to her purchase. Plaintiff is *further informed and believes* that the prevailing retail price and, therefore, the actual fair market value of each item at the time of her purchase was materially lower than the advertised former price **and may have even been** less that the so-called "sale" price. As a result, Plaintiff suffered monetary damages because she did not receive products worth the higher values Kohl's represented she would receive, and she therefore did not receive the benefit of the bargain that Kohl's promised. Alternatively, Plaintiff paid more than the actual, fair market value of each item, while Kohl's was unjustly enriched and received ill-gotten gains. (*Id.* at ¶ 34) (emphasis added.)

Plaintiff makes similar "information and belief" allegations regarding her purchases on December 7, 2016 (*id.* at ¶ 37) and on May 27, 2019 (*id.* at ¶¶ 40, 42, 44, 46, 48).

Plaintiff's current allegations, based on "information and belief," do not satisfy Rule 9(b)'s particularity requirements. *Drobnak*, 561 F.3d at 783. To satisfy Rule 9(b), the allegations must include facts on which her belief is founded. *Id.* (citing *Florida State Board of*

7

*Administration v. Green Tree Fin. Corp.*, 270 F.3d 645, 668 (8th Cir. 2001));  *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir. 1997).   Her complaint does not include such information.

The Court's current Case Management Order (Doc. 37) grants plaintiff focused discovery that includes purchase orders and sales data which might provide plaintiff the information that Rule 9(b) requires.  Accordingly, plaintiff is granted leave to amend her complaint to include the actual and expected values of the items she bought in order to sufficiently plead ascertainable loss, and to include facts upon which her "information and belief" allegations are based.

## UNJUST ENRICHMENT

Plaintiff's unjust enrichment claim fails for the same reasons stated above regarding the MMPA claim.  Further, defendant contends that because a valid sales contract occurred, plaintiff cannot seek relief under this claim.   While plaintiff may not ultimately recover under both theories, she may allege alternate theories of recovery, including unjust enrichment and MMPA claims. *Hawkins. V. Nestle U.S.A. Inc*., 309 F. Supp. 3d 696, 708 (E.D. Mo. 2018) (citing *Murphy,* 503 S.W.3d at 314).   Therefore, plaintiff's unjust enrichment claim has the same strengths and shortcomings as its MMPA claim and the Court will grant leave to file an amended complaint.

## INJUNCTIVE RELIEF

Defendant argues that plaintiff lacks standing under Article III of the Constitution to seek injunctive relief, because knowing what she now knows about defendant's marketing practices, she is no longer at risk of being deceived.  However, she pled that defendant's practices are ongoing, that she would likely continue to purchase from Kohl's, and thus she could benefit from injunctive relief.  This is sufficient to establish standing and potential entitlement to injunctive relief.  *E.g., Hawkins v. Nestle U.S.A., Inc.,*  309 F.Supp.3d 696, 707 (E.D. Mo. 2018).

## CONCLUSION

For the reasons set forth above,

8

**IT IS HEREBY ORDERED** that the motion of defendant to dismiss plaintiff's complaint (Doc. 12) is sustained without prejudice to plaintiff filing an amended complaint to allege ascertainable loss with particularity.  In all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file an amended complaint not later than March 31, 2020.

_____/s/   David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 21, 2020.