UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JILL HENNESSEY, Individually and on Behalf of Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:19 CV 1866 DDN |
| KOHL'S CORPORATION and KOHL'S DEPARTMENT STORES, INC., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER REGARDING**
**STIPULATED PROTECTIVE ORDER AND PENDING MOTION TO PRODUCE**

Before the Court *sua sponte* are the following two matters presented by recent matters filed with the Court: (1) entitlement of the parties to file documents under seal by stipulation, *see* Doc. 44-1 at 7-8 (Stipulated Protective Order); and (2) the effect of the Memorandum and Order filed on February 21, 2020 (Doc. 50) on defendant's motion to compel (Doc. 47) and plaintiff's response thereto (Doc. 51).

On February 3, 2020, the Court summarily approved and "So Ordered" the parties' Joint Motion for Entry of Stipulated Protective Order. (Docs. 44, 45.) The Stipulated Protective Order provides in part:

> 16. **Filing of Confidential Material.** If a party intends to file a document containing Confidential information with the Court, the Protective Order grants leave to make such filing under seal in compliance with Local Rule 13.05(A) and the Electronic Case Filing/Case Management Procedures manual. It is not necessary to file a separate motion for leave, and the motion or documents containing Confidential information shall be filed under seal with the Court directly. Any Confidential information filed under seal shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by this Order.

*See* Doc. 44-1 at 7-8.  On its own motion the Court has reconsidered this quoted language from the Stipulated Protective Order.

"[A] common-law right of access to judicial records" by the public in civil cases is recognized by the United States Court of Appeals for the Eighth Circuit.  *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013).  This right of the public has not been recognized as emanating from the First Amendment.  *Flynt v. Lombardi*, 885 F.3d 508, 512 (8th Cir. 2018).  This right of the public to access and inspection is not absolute, *Nixon v. Warner Comms., Inc.,* 435 U.S. 589, 598 (1978), but must yield to such interests of the parties in the case to protect such things as confidential personal information or sensitive business information.  *IDT Corp.* 709 F.3d at 1224.

That said, for filings hereafter the Court hereby withdraws from the Stipulated Protective Order its grant of leave to filed material with the Court without a concomitant motion by the respective party(ies) for leave to file the material under seal.  The party(ies) may initially file the subject material under seal with the motion for leave to do so.  The filing party must also file not under seal a redacted copy of the material that does not disclose the confidential material *or* the filing party(ies) must state in the motion why filing a redacted copy not under seal is either impossible or impracticable.  This procedure comports with the requirements of Local Rule 13.05(A) and the Court's CM/ECF Procedures Manual.

Defendant filed the currently pending Motion to Compel Plaintiff's Production of Information and Documents Relating to Her Shopping History (Doc. 47) on February 18, 2020, prior to the filing on February 21, 2020, of its Memorandum and Order ruling defendant's motion to dismiss.  On March 3, 2020, plaintiff filed her response to the motion to compel.  (Doc. 51.)  Because of the sequence of events, the parties have not had an opportunity to include in their pre-motion-to-compel discussions a clear and meaningful discussion of the Court's ruling on the motion to dismiss.  Such would have been required.  *See*  Local Rule 3.04(A).

In consequence,

**IT IS HEREBY ORDERED** that the Stipulated Protective Order approved on February 3, 2020, is hereby amended to require the procedure described above when the filing of material with the Court under seal is desired.

**IT IS FURTHER ORDERED** that defendant may have 14 days from the date of this Order to supplement its motion to compel to reflect that the parties engaged in meaningful discussion in an attempt to settle any then outstanding discovery dispute. Plaintiff may have 7 days thereafter in which to respond.  In the Court's resolution of the ultimate discovery dispute, reasonable expenses and attorney's fees may be assessed pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) or (B).

 /s/  David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 16, 2020.