# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JILL HENNESSEY, Individually and<br>On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) No. 4:19-cv-01866-DDN<br>) |
| vs. | ) JURY TRIAL DEMANDED<br>) |
| KOHL'S CORPORATION and<br>KOHL'S DEPARTMENT STORES, INC., | )<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT, AFFIRMATIVE DEFENSES, AND REQUEST FOR JURY TRIAL

For its Answer and Affirmative Defenses to the First Amended Complaint ("FAC") filed by Plaintiff Jill Hennessey ("Plaintiff"), Defendants Kohl's Corporation and Kohl's Department Stores, Inc. (collectively, "Defendants") state as follows:

## SUMMARY AND PRELIMINARY STATEMENT

1.      This is a class action brought by Plaintiff, individually and on behalf of all others similarly situated (collectively referred to as "Class Members" or the "Class"), against Kohl's Corporation and its wholly-owned operating subsidiary, Kohl's Department Stores, Inc. (collectively "Kohl's" or "Defendants").

**ANSWER:** Defendants admit that Plaintiff purports to bring this case against Defendants on behalf of a class of consumers. Defendants also admit that Kohl's Department Stores, Inc. is a wholly-owned operating subsidiary of Kohl's Corporation. Defendants deny the remaining allegations and innuendo contained in Paragraph 1 of the FAC.

2.      Plaintiff generally alleges that Kohl's violates Missouri law by making false and misleading price comparisons in connection with the advertisement and sale of its private branded

merchandise that is available "only at Kohl's," including, but not limited to, Apt. 9, Croft & Barrow, Jumping Beans, SO, Sonoma Goods for Life, and its exclusive brands that are developed and marketed through agreements with nationally-recognized brands such as Food Network, LC Lauren Conrad, Elle and Simply Vera Vera Wang. Kohl's sometimes refers collectively to its private and exclusive brands as its "proprietary brands."

**ANSWER:** Defendants admit that it has sold items under the brand names listed in this paragraph. Defendants deny the remaining allegations and innuendo contained in Paragraph 2 of the FAC.

3.      The false and misleading price comparisons appear in a variety of places, including on price tags affixed to items, on signs posted in Kohl's retails stores, in print advertisements, in mailing circulars, and on the Kohl's website—Kohl's.com. Through these mediums, Kohl's represents that consumers can buy its private and exclusive branded products on "sale" and at a substantial discount from their "Regular" or "Original" prices. In reality, and as confirmed by Kohl's own, historical sales data, the purported "sales" and discounts are illusory, fictitious and in violation of Missouri law because Kohl's has not sold substantial quantities of such products at the higher "Regular" and "Original" prices in the recent past, nor has it offered to sell such products at those prices for a reasonable and substantial period of time preceding the advertised "sale." As a result, Plaintiff and the Class have not received the "savings" and benefit of the bargain that Kohl's promises them because the private and exclusive branded products that they purchased from Kohl's do not have the higher value and worth that Kohl's represents they have through its false and misleading "Regular" and "Original" price comparisons.

**ANSWER:** Kohl's admits that it displays pricing-related information on price tags, signs, print advertisement, mailing circulars, and on Kohls.com, which can include discounts from

"Regular" and "Original" prices. Defendants deny each, every, and all of the remaining allegations and innuendo contained in Paragraph 3 of the FAC.

4.      The Federal Trade Commission ("FTC") describes false former pricing schemes, similar in all material respects to the scheme employed by Kohl's, as deceptive:

> One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

16 C.F.R. § 233.1(a).

**ANSWER:** Defendants state that 16 C.F.R. § 233.1 speaks for itself, and that the allegations contained in Paragraph 4 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 4 of the FAC.

5.      The FTC provides the following example of deceptive conduct, which is materially indistinguishable from Kohl's conduct:

> John Doe is a retailer of Brand X fountain pens, which cost him $5 each. His usual markup is 50 percent over cost; that is, his regular retail price is $7.50. In order subsequently to offer an unusual "bargain", Doe begins offering Brand X at $10 per pen. He realizes that he will be able to sell no, or very few, pens at this inflated price. But he doesn't care, for he maintains that price for only a few days. Then he "cuts" the price to its usual level--$7.50--and advertises: "Terrific Bargain: X Pens, Were $10, Now Only $7.50!" This is obviously a false claim. The advertised "bargain" is not genuine.

16 C.F.R. § 233.1(C).

**ANSWER:** Defendants state that 16 C.F.R. § 233.1 speaks for itself, and that the allegations contained in Paragraph 5 constitute legal conclusions to which no answer is required.

CORE/3518030.0002/159944716.1

To the extent an answer is required, Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 5 of the FAC.

6.      Missouri law explicitly forbids the false and misleading price comparisons that Kohl's engages in. It prohibits a seller, such as Kohl's, from advertising former price comparisons unless the comparative price is actual, bona fide and not illusory or fictitious; and is

- A price at which reasonably substantial sales of the product were made to the public by the seller in the regular course of business, and on a regular basis during a reasonably substantial period of time in the immediate, recent period preceding the advertisement; or

- A price at which the product was openly and actively offered for sale to the public by the seller in the regular course of the seller's business, and on a regular basis during a reasonably substantial period of the time in the immediate, recent period preceding the advertisement.

15 Mo. Code of State Regulations 60-7.060(2).

**ANSWER:** Defendants state that the cited regulation speaks for itself, and that the allegations contained in Paragraph 6 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 6 of the FAC.

7.      These laws exist because legislatures know that consumers rely on higher comparison prices (such as "Regular" and "Original" prices) to convey information about a product's market value, and that false price comparisons are an effective way to sell products that consumers would not otherwise buy, or to sell more products than consumers would normally purchase, absent the false price comparison. Indeed, academic research shows that a reasonable consumer would likely infer that a "regular" or "original price" is a comparison to a price at which

4

the item previously and regularly sold at that retailer. Compeau, Larry, Joan Lindsey-Mullikin, Dhruv Grewal and Ross Petty, (2004) "Consumers' Interpretations of the Semantic Phrases Found in Reference Price Advertisements," *Journal of Consumer Affairs*, 38 (Summer), 178-187.

**ANSWER:** Defendants state that Plaintiff's allegations concerning the intent of Missouri's regulations constitute legal conclusions to which no answer is required. Defendants further state that the Compeau article speaks for itself, but notes that it does not involve Kohl's or its pricing. Defendants deny each, every, and all allegations and innuendo contained in Paragraph 7 of the FAC.

8.     Numerous studies also show that consumers are much more likely to purchase an item if they are told that it is being offered at a price less than the price at which the seller or its competitors have recently sold the product. In other words, consumers are more likely to purchase an item if they are told that an item normally sells at a higher price (and is therefore worth more) than what they are currently being asked to pay for it. *See, e.g.,* Dhruv Grewal & Larry D. Compeau, Comparative Price Advertising: Informative or Deceptive?, 11 J. of Pub. Pol'y & Mktg. 52, 55 (Spring 1992) ("[b]y creating an impression of savings, the presence of a higher reference price enhances [consumers'] perceived value and willingness to buy [a] product."); *see also* Compeau & Grewal, in Comparative Price Advertising: Believe It Or Not, J. of Consumer Affairs, Vol. 36, No. 2, at 287 (Winter 2002) (noting that "decades of research support the conclusion that advertised reference prices do indeed enhance consumers' perceptions of the value of the deal," and concluding that "[c]onsumers are influenced by comparison prices even when the stated reference prices are implausibly high."); Joan Lindsey-Mullikin & Ross D. Petty, Marketing Tactics Discouraging Price Search: Deception and Competition, 64 J. of Bus. Research 67 (January 2011) (concluding that "[r]eference price ads strongly influence consumer perceptions of value");

Praveen K. Kopalle & Joan Lindsey-Mullikin, The Impact of External Reference Price On Consumer Price Expectations, 79 J. of Retailing 225 (2003) (concluding that "research has shown that retailer-supplied reference prices clearly enhance buyers' perceptions of value" and "have a significant impact on consumer purchasing decisions."); Dr. Jerry B. Gotlieb & Dr. Cyndy Thomas Fitzgerald, An Investigation Into the Effects of Advertised Reference Prices On the Price Consumers Are Willing To Pay For the Product, 6 J. of App'd Bus. Res. 1 (1990) (concluding that "consumers are likely to be misled into a willingness to pay a higher price for a product simply because the product has a higher reference price.")

**ANSWER:**  Defendants state that the cited articles speak for themselves, but notes that they do not involve Kohl's or its pricing.  Defendants deny that its pricing is false, and denies each, every, and all allegations and innuendo contained in Paragraph 8 of the FAC.

9.    As alleged herein, Kohl's has routinely and systematically violated Missouri's prohibition against false price comparisons, and Plaintiff and members of the proposed Class (as defined below) were exposed to and victims of Defendants' false price comparisons when they purchased private and exclusive branded products from Kohl's. Plaintiff and the Class did not receive products worth the amounts reflected by Kohl's "Regular" and "Original" prices, and therefore did not receive the benefit of the bargain that Kohl's advertised they would receive through its use of fictitious "Regular" and "Original" prices. Instead, Plaintiff and members of the Class received items of lesser value than what Kohl's promised them, while Kohl's was unjustly enriched by selling more products, and at higher prices, than it otherwise would be able to sell absent the false price-comparison advertising scheme.

**ANSWER:** Defendants deny each, every, and all allegations, innuendo, and legal conclusions contained in Paragraph 9 of the FAC.

6

**PARTIES**

10.    Plaintiff Jill Hennessey is and was at all relevant times herein a natural person and a resident of St. Charles, Missouri. During the proposed Class Period (defined below), Plaintiff bought numerous private and exclusive branded products for personal, family or household purposes at an advertised discount of more than 20% from an advertised "Regular" or "Original" price at one or more Kohl's retail stores located in Missouri, and she bought numerous such products from the Kohl's website while she was in Missouri.

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations in this paragraph concerning Plaintiff's residency, the purpose for which she made her purchases, and her location at the time she made any online purchases. Defendants admit they have identified online and in-store purchases associated with the Kohl's Rewards account of a member named Jill Hennessey, including purchases of private label products. Defendants admit that Kohl's has offered discounts off of items' "Regular" and "Original" prices. Defendants deny the remaining allegations and innuendo contained in Paragraph 10 of the FAC.

11.    Defendant Kohl's Corporation is and, at all relevant times herein was, a Wisconsin corporation with its headquarters/principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin. Based on the existence of Kohl's stores, Plaintiff is informed and believes and thereon alleges that Kohl's Corporation is licensed to do business in Missouri.

**ANSWER:** Kohl's admits that Kohl's Corporation is a Wisconsin corporation with its principal place of business in Wisconsin, and that it is licensed to do business in Missouri. Defendants deny the remaining allegations and innuendo contained in Paragraph 11 of the FAC.

12.    Defendant Kohl's Department Stores, Inc. is and was, at all relevant times herein, a Delaware corporation with its headquarters/principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin. Kohl's Department Stores, Inc. is wholly owned

7

by and serves as the primary operating subsidiary of Defendant Kohl's Corporation. Based on the existence of Kohl's stores within the state, Plaintiff is informed and believes and thereon alleges that Kohl's Department Stores, Inc. is licensed to do business and is doing business in the State of Missouri.

**ANSWER:** Kohl's admits the allegations in Paragraph 12 of the FAC.

13.    Defendants aided and abetted, encouraged and rendered substantial assistance to each other in committing the unlawful and deceptive acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of the wrongdoing and realized that the conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

**ANSWER:** Defendants deny each, every, and all allegations, innuendo, and legal conclusions contained in Paragraph 13 of the FAC.

14.    Each Defendant was the agent, representative, partner, parent company, subsidiary or affiliate of the other Defendant and was acting within the authority of such agency, representation, partnership, or affiliation while doing or omitting to do the acts alleged herein and with the permission, approval, consent, and/or ratification of all other Defendants.

**ANSWER:** Defendants state that the allegations contained in Paragraph 14 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 14 of the FAC.

15.    There exists, and at all times herein mentioned existed, a unity of interest and ownership between all of the Defendants, such that all individuality and separation ceased and Defendants became the alter egos of the other Defendants and their principals. Whenever in this

complaint a reference is made to any act or omission of a particular Defendant, such allegation shall be deemed to mean that said Defendant, and its officers, directors, agents, representatives, and employees did authorize such act while actively engaged in the management, direction or control of that Defendant, and while acting within the course and scope of their employment or agency.

**ANSWER:** Defendants state that the allegations contained in Paragraph 15 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 15 of the FAC.

## JURISDICTION AND VENUE

16.    Plaintiff and/or other putative Class Members have different citizenship from Defendants.

**ANSWER:** Defendants do not presently contest diversity, but state that the allegations contained in Paragraph 16 constitute legal conclusions to which no answer is required.

17.    The aggregate amount of damages incurred by Plaintiff and the Class (as defined below) exceeds $5,000,0000.

**ANSWER:** Defendants admit that the amount in controversy alleged in the FAC exceeds $5,000,000. Defendants deny that Plaintiff or the putative class has incurred any damage and deny the remaining allegations, innuendo, and legal conclusions contained in Paragraph 17 of the FAC.

18.    Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. Section 1332, subdivision (d).

**ANSWER:** Defendants do not presently contest subject matter jurisdiction, but state that the allegations contained in Paragraph 18 constitute legal conclusions to which no answer is required.

CORE/3518030.0002/159944716.1

19.     As set forth herein, each Defendant has sufficient contact and presence within the State of Missouri to confer this Court with personal jurisdiction over each Defendant. Kohl's owns, operates, licenses and otherwise controls approximately 27 retail stores in the State of Missouri, in which it sells, among other consumer goods, private and exclusive label clothing, footwear, home products, and accessories. Kohl's also owns an approximately 540,000 square foot distribution center in Missouri by which it receives, holds and ships merchandise to its Missouri stores where it will be sold to Missouri consumers. Kohl's also operates its website, Kohl's.com, from which Missouri residents can and do buy merchandise, including private and exclusive branded products falsely advertised with a discount of 20% or more below their purported "Regular" or "Original" prices.

**ANSWER:** Defendants admit that they have stores and a distribution center in Missouri, and that they sell to Missouri customers at the stores and via Kohls.com. Defendants further state that the remaining allegations of this paragraph are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations and innuendo contained in Paragraph 19 of the FAC.

20.     Venue is proper in this Court under 28 U.S.C. Section 1391 because Defendants transact business in this judicial district in the County of St. Louis, State of Missouri, and the claims of Plaintiff and other putative Class Members arose in this judicial district. Plaintiff resides in this judicial district, viewed Defendants' false and misleading advertisements in this judicial district, and purchased items at Defendants' stores located in this judicial district.

**ANSWER:** Defendants do not contest venue in this District, but lack information sufficient to admit or deny the allegations in this paragraph as to where Plaintiff resides, viewed Kohl's pricing, or made her purchases. Defendants admit that there are Kohl's stores in this District, and

CORE/3518030.0002/159944716.1

that Kohl's ships online orders to customers within this District. Defendants deny the remaining allegations and innuendo contained in Paragraph 20 of the FAC.

## GENERAL ALLEGATIONS

21.     The majority of Kohl's sales have historically derived from its exclusive and private label products which, according to its public filings, are available "only at Kohl's." These products are sold solely at the stores and/or website owned, operated, licensed or otherwise controlled by Kohl's. As such, Kohl's defines, sets and controls all prices for these products, and its internal records of historical transactions can be relied on to establish the actual market value for each such item.

**ANSWER:** Kohl's public filings speak for themselves. Kohl's admits that a substantial portion of its sales are derived from brands owned by Kohls ("private brands"), and exclusive brands, but notes that "exclusive brands" as used herein are not necessarily exclusive in all categories of products. Kohl's admits that it has the ultimate decision-making authority for the pricing of items sold under private and exclusive brands. Defendants deny the remaining allegations and innuendo contained in Paragraph 21 of the FAC.

22.     Kohl's affixes (or arranges for its manufacturers to affix) price tags on all (or virtually all) of its private and exclusive branded products. While Kohl's refers to the prices on its tags as the "Regular" or "Original" prices, those prices are not actual, bona fide prices at which Kohl's has recently and in good faith sold such items in substantial quantities, nor are they prices at which Kohl's has recently and in good faith offered to sell such items for a substantial period of time. In short, Kohl's does not have any good faith or bona fide intention of offering or selling any meaningful quantity of its private and exclusive branded products at the advertised "Regular" and "Original" prices.

11

**ANSWER:** Defendants admit that for many items, including private and exclusive brands, pricing information is displayed on a price tag affixed to the product. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 22 of the FAC.

23.     Instead, throughout the Class Period, Kohl's has routinely advertised (through its price tags, in-store signs and advertisements, on-line, emails and print advertisements) that its exclusive and private label products are available for purchase at significantly marked-down "sale" prices as compared to Kohl's higher "Regular" or "Original" prices. At checkout, Kohl's perpetuates the deception by providing customers with receipts that show both the advertised "Regular" or "Original" price (sometimes referred to as the "item" price), as well as the lower sale price and total amount that the customer purportedly "saved" in the transaction. Through these practices, Kohl's represents that its private and exclusive branded products have a much higher market value and worth than the discounted "sale" prices that Plaintiff and the members of the Class paid to purchase them.

**ANSWER:** Defendants admit that Kohl's has offered for sale items from private and exclusive brands, and that it has offered such products at discounts from their "Regular" or "Original" prices, and that such markdowns can be significant. Defendants admit that Kohl's in-store sales receipts list for each item the higher comparison price, along with any sale price, and, if applicable, the different between the two prices. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 23 of the FAC.

24.     In reality, the purported "savings" and discounts are false, misleading, and in violation of Missouri law because Kohl's has not recently and in good faith sold such products in substantial quantities at the advertised "Regular," "Original" and "item" prices; nor has it recently

and in good faith offered to sell them for a substantial period of time at those prices. In fact, Kohl's sells, at most, only a tiny fraction (significantly less than 5%) of its private and exclusive branded products at their purported "Regular" or "Original" prices and, in many instances, it does not sell *any* of those items at the advertised former prices. This is because, in violation of Missouri law, Kohl's does not offer to sell the products at the "Regular" or "Original" price for a substantial period of time preceding the advertised "sale" and, in many instances, it does not offer to sell them at the higher advertised prices at all.

**ANSWER:** Defendants deny each, every, and all allegations, innuendo, and legal conclusions contained in Paragraph 24 of the FAC.

25.    Kohl's also offers a constant array of promotions, such as store-wide sales, BOGO ("buy one get one x% off"), "Kohl's cash," coupons, and other discounts associated with its credit cards, such that the average and most common actual selling prices (and therefore market value) of each item is often *less* than the purported "sale" price. In other words, a consumer who purchases from Kohl's a private or exclusive branded product at the advertised "sale" price is likely paying more than the amount most people pay for that item.

**ANSWER:** Defendants admit that shoppers can pay less than Kohl's "sale" prices by taking advantage of BOGO promotions, "Kohl's cash," coupons, and credit card discounts. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 25 of the FAC.

26.    Since the higher advertised "Regular" and "Original" prices materially overstate the actual market value and worth of Kohl's private and exclusive branded products, consumers like Plaintiff and the Class who buy these products do not receive the benefit of the bargain Kohl's promises them, and they suffer damages because they do not receive items that have the value or

worth that Kohl's represents they have. Instead, Plaintiff and the members of the Class received products that, based on actual, historical selling prices, have a market value that was, at the time of purchase, significantly below the advertised former comparison price and, in many cases, below the prices they paid to purchase those items.

**ANSWER:** Defendants deny each, every, and all allegations, innuendo, and legal conclusions contained in Paragraph 26 of the FAC.

27.     Through its use of fictitious and unsubstantiated "Regular" and "Original" former prices, Kohl's intentionally and/or negligently misrepresented and/or failed to disclose material information concerning the actual value or worth of the private and exclusive branded products it sold to Plaintiff and the Class. In publishing, displaying, and otherwise communicating and disseminating the higher "Regular" or "Original" former prices, and the advertised discounted "sale" prices, and in concealing the true information, Kohl's intended to induce Plaintiff and members of the Class to purchase its private and exclusive branded products in quantities and/or at prices at which they would not otherwise have agreed.

**ANSWER:** Defendants deny each, every, and all allegations, innuendo, and legal conclusions contained in Paragraph 27 of the FAC.

28.     Kohl's knew or should have known that its price-comparison advertisements conveyed false information to consumers, including Plaintiff, about the value and worth of the merchandise Kohl's sells. Missouri law defines a "regular" price as a seller's "usual and customary price," 15 CSR 60-7.010(L), and it defines a "sale" as "a reduction from the seller's former or future price of the product offered for a *limited* period of time, except for clearance or closeout situations in which the seller permanently reduces its price in order to remove the product from its inventory." 15 CSR 60-7.010(M) (emphasis added). And, it requires that a seller disclose the basis

of a comparative price *unless* the price comparison is to the seller's own former price in compliance with 15 CSR 60-7.060(2). 15 CSR 60-7.060(8). In other words, Missouri law demands that an advertised "Regular" or "Original" price reflect *that seller's* actual or expected market value of an item based on a substantial quantity of actual sales of the same item *at that retailer*, or based on a substantial period of time at which the same item is actually offered at the higher referenced price *by that retailer*. As demonstrated herein, Kohl's systematically violates these provisions of Missouri law with respect to all of its private and exclusive branded products.

**ANSWER:** Plaintiff's statements about "Missouri law" are legal conclusions to which no response is required. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 28 of the FAC.

29.     Academic literature and consumer studies also show that false price comparisons influence consumer behavior; that reasonable consumers are likely to infer that an advertised "Regular" or "Original" price is a comparison to a price of the same item recently sold at the same retailer; that higher former prices influence consumer perception of value and purchasing decisions; and that if a former comparison price is fictitious or inflated, it is likely to deceive consumers by creating illusions of savings that the consumer thinks they need to take advantage of by purchasing the product now rather than risk losing the purported savings or continuing to look for a better deal elsewhere.

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations about unspecified "academic literature and consumer studies," but state that any such documents would speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 29 of the FAC.

30.     Kohl's further knew or should have known that, as discount sizes increase, consumers' perceptions of value and their willingness to buy the product increases, while their intention to search for a lower price decreases. Accordingly, information concerning a product's "Regular" or "Original" price is a material term that influences consumer behavior.

**ANSWER:** Defendants deny each, every, and all allegations, innuendo, and legal conclusions contained in Paragraph 30 of the FAC.

31.     At their time of purchase, Plaintiff and members of the Class saw and/or were informed of Kohl's advertised "Regular" or "Original" prices of Defendants' exclusive and private branded products under the price-comparison advertising scheme.

**ANSWER:** Defendants lack information sufficient to admit or deny the allegations in this paragraph as to what Plaintiffs and other class members have seen. Defendants admit that they inform customers of items' "Regular" or "Original" prices. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 31 of the FAC.

## PLAINTIFF WAS A VICTIM OF KOHL'S PRACTICES

32.     Plaintiff has been a frequent Kohl's shopper for a number of years. After being exposed to and influenced by Defendants' price-comparison advertising scheme, Plaintiff purchased numerous Kohl's private and exclusive branded products for personal, family or household purposes during the Class Period. Plaintiff made these purchases both in Kohl's retail stores and from its website.

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations in this paragraph as to the frequency and duration of Plaintiff's shopping at Kohl's, or the purpose of her purchases. Defendants have identified online and in-store purchases associated with the Kohl's Rewards account of a member named Jill Hennessey, including purchases of private label

products. Defendants deny each, every and all remaining allegations and innuendo contained in Paragraph 32 of the FAC.

33.     In making said purchases, Plaintiff was misled as to the higher value of the products that Kohl's advertised, and she did not receive products worth the amount that Kohl's represented she would receive through its false and misleading price-comparison advertising scheme.

**ANSWER:** Defendants deny each, every, and all allegations, innuendo, and legal conclusions contained in Paragraph 33 of the FAC.

34.     For example, on or about September 5, 2016, Plaintiff shopped at the Kohl's retail store located in O'Fallon, Missouri and purchased numerous items advertised as being on "sale" from their purported "Regular," "Original" and/or "Item" price. This transaction included the following Private and Exclusive Branded products:

| SKU | ITEM DESCRIPTION | ADVERTISED "REGULAR," "ORIGINAL" and/or "ITEM" PRICE | "SALE" PRICE | PRICE PAID[1] |
|---|---|---|---|---|
| 46379012 | Men's Neckwear | $34.00 | $20.40 | $16.31 |
| 33163291 | Men's Neckwear | $34.00 | $20.40 | $16.31 |
| 84310361 | Men's Dress Shirt | $50.00 | $29.99 | $24.00 |
| 98428644 | Men's Dress Shirt | $32.00 | $14.99 | $12.00 |
| 95149551 | MNS Fashion Boot | $79.99 | $39.99 | $32 .00 |

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations in this paragraph as to Plaintiff's alleged shopping and purchase. Defendants deny the remaining allegations and innuendo contained in Paragraph 34 of the FAC.

35.     Notably, by using the terms "Regular" and "Original" prices, and by failing to disclose that such prices were based on anything else, Kohl's indicated that its higher comparative

---

[1] This is the price Plaintiff paid, excluding tax, and reflects discounts in addition to those promised through the advertised "sale" price.

prices were reflective of each product's market value based on its *own* actual, recent, usual and customary prices in compliance with 15 CSR 60-7.060(2). 15 CSR 60-7.010(L); 15 CSR 60-7.010(M); and 15 CSR 60-7.060(8).

**ANSWER:** Defendants deny each, every, and all allegations, innuendo, and legal conclusions contained in Paragraph 35 of the FAC.

36.    In reality, as shown from historical sales data produced by Kohl's ("sales data"), the advertised "Regular" or "Original" price of each of these items was false, misleading, and in violation of 15 CSR 60-7.060(2) because it did not represent the actual, bona fide price at which Kohl's had sold ten percent (10%) or more of the total unit sales of the product during a period of time, not less than thirty (30) days nor more than twelve (12) months preceding the time of the advertisement; and because it did not represent a price at which Kohl's had offered the product for sale at the comparative price forty percent (40%) or more of the time during a period of time, not less than thirty (30) days nor more than twelve (12) months preceding the advertisement.

**ANSWER:** Defendants deny each, every, and all allegations, innuendo, and legal conclusions contained in Paragraph 36 of the FAC.

37.    In fact, as reflected in the following chart, the sales data shows that Kohl's hardly, *if ever,* offered or sold these products at their advertised "Regular" or "Original" price, and it certainly did not do so in compliance with Missouri law:

CORE/3518030.0002/159944716.1

| SKU | ITEM | Total # of Units Sold | Advertised "Regular" or "Original" Price | # and % of Units Sold at "Regular" or "Original" Price | Total # of Days Offered | # and % of Days Sold at "Regular" or "Original" Price |
|------|------|------|------|------|------|------|
| 46379012 | Men's Neckwear | ▮ | $34.00 | ▮ | ▮ | ▮ |
| 33163291 | Men's Neckwear | ▮ | $34.00 | ▮ | ▮ | ▮ |
| 84310361 | Men's Dress Shirt | ▮ | $50.00 | ▮ | ▮ | ▮ |
| 98428644 | Men's Dress Shirt | ▮ | $32.00 | ▮ | ▮ | ▮ |

| SKU | ITEM | Total # of Units Sold | Advertised "Regular" or "Original" Price | # and % of Units Sold at "Regular" or "Original" Price | Total # of Days Offered | # and % of Days Sold at "Regular" or "Original" Price |
|------|------|------|------|------|------|------|
| 95149551 | MNS Fashion Boot | ▮ | $79.99 | ▮ | ▮ | ▮ |

**ANSWER:** Defendants state that Kohl's sales records, on which this chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 37 of the FAC.

38.     The sales data also shows that the prevailing market price, and therefore actual value of each item was materially lower than the value Kohl's represented it to be through its false and misleading "Regular" or "Original" prices. There are several accepted ways to quantify the prevailing market price when, as here, actual sales data is available. Summary statistics such as the mode[2], average[3], or percentiles[4] are frequently used measures to quantify prevailing market prices (and therefore, actual value).

---

[2] The mode is the most frequently observed value in a distribution of prices.

[3] The average price is determined by summing up all the data points and then dividing by the number of data points.

[4] A price percentile is the price for which a certain percentage of observed price points is smaller or equal to that price. For example, the 50th percentile is the price for which 50% of all prices are smaller or equal to that price.

**ANSWER:** Defendants state that Kohl's sales records, on which the chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 38, including footnotes, of the FAC.

39.    Crucially, as reflected in the following chart, the sales data demonstrates that under any of these accepted methodologies, the actual value of each item was materially less than the value Kohl's represented it to be through its false and misleading "Regular" and "Original" price advertisements[5]:

| SKU | ITEM DESCRIPTION | Expected Value based on "Regular" or "Original" Price | Actual Value measured by the most common or "Mode Price" | Actual Value measured by the average or "Mean Price" | Actual Value measured by the 50th Percentile or "Median Price" |
|---|---|---|---|---|---|
| 46379012 | Men's Neckwear | $34.00 | ■ | ■ | ■ |
| 33163291 | Men's Neckwear | $34.00 | ■ | ■ | ■ |
| 84310361 | Men's Dress Shirt | $50.00 | ■ | ■ | ■ |
| 98428644 | Men's Dress Shirt | $32.00 | ■ | ■ | ■ |
| 95149551 | MNS Fashion Boot | $79.99 | ■ | ■ | ■ |

**ANSWER:** Defendants state that Kohl's sales records, on which this chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 39, including footnotes, of the FAC.

40.    As shown by this chart, no matter what methodology is used to calculate the actual value of each item, Plaintiff suffered monetary damages because she did not receive products

---

[5] In calculating the "actual value" of each item, Plaintiff has *excluded* all transactions and prices of items purportedly sold at "clearance" which, by law, means they were subject to a permanent price reduction in order to remove the product from inventory. 15 CSR 60-7.010. Plaintiff does not know whether Kohl's complied with that law. Had these transactions and clearance prices been included in the analysis, the prevailing market price (and therefore actual value) of each item would be substantially *lower* than what is alleged herein thereby *increasing* the resulting damages.

20

worth the higher values Kohl's represented she would receive, and she therefore did not receive the full discount or benefit of the bargain that Kohl's promised.

**ANSWER:** Defendants state that Kohl's sales records, on which the chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 40 of the FAC.

41.     The receipt that Plaintiff received from Kohl's in connection with this transaction states that Plaintiff "saved" $166.94, including purported "savings" associated with other items purchased. The receipt refers to the higher comparison prices as "item" prices, rather than "Regular" or "Original" prices. The purported 'savings' are calculated as the difference between the higher "item" price and the actual price paid, thus confirming that Kohl's intends for the "item" price to reflect an item's normal price and, therefore, *current* value. A true and correct copy of the receipt that Plaintiff received from Kohl's in this transaction is attached hereto as Exhibit 1. For the same reasons articulated above, the higher "item" prices listed on the receipt were false, misleading and did not reflect the actual value of each item. Therefore, the representation that Plaintiff "saved" $166.94 was false and misleading. Since Plaintiff did not receive products worth the higher "item" prices stated, and did not receive the actual amount of "savings" Kohl's represented, she did not receive the full benefit of the bargain Kohl's promised her and thereby suffered an ascertainable loss and damages.

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations in this paragraph as to Plaintiff's alleged purchase, but admit that their receipts list the amount "saved" in a given purchase. Defendants further admit that the receipt reflected in Exhibit 1 appears to be a receipt issued by Kohl's, and that the receipt speaks for itself. Defendants deny each, every and all remaining allegations and innuendo contained in Paragraph 41 of the FAC.

21

42.    On or about December 7, 2016, Plaintiff shopped at the Kohl's retail store located in O'Fallon, Missouri and purchased numerous additional items advertised as being on "sale" from their former price. This transaction included the following private or exclusive branded products:

| SKU | ITEM DESCRIPTION | ADVERTISED "REGULAR," "ORIGINAL" and/or "ITEM" PRICE | ADVERTISED "SALE" PRICE | PRICE PAID[6] |
|---|---|---|---|---|
| 33999088 | Misses Knits | $18.00 | $9.99 | $7.49 |
| 61056610 | Misses Wovens | $30.00 | $12.00 | $8.99 |
| 61056670 | Misses Wovens | $30.00 | $12.00 | $9.00 |
| 84850376 | Misses Bottoms | $44.00 | $27.99 | $21.00 |
| 65430531 | Misses Bottoms | $44.00 | $27.99 | $21.00 |

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations in this paragraph as to Plaintiff's alleged shopping and purchase. Defendants deny each, every and all remaining allegations and innuendo contained in Paragraph 42 of the FAC.

43.    Again, by using the terms "Regular" and "Original" prices, and by failing to disclose that such prices were based on anything else, Kohl's indicated that its higher comparative prices were reflective of each product's fair market value based on its *own* actual, recent, usual and customary prices in compliance with 15 CSR 60-7.060(2). 15 CSR 60-7.010(L); 15 CSR 60-7.010(M); and 15 CSR 60-7.060(8).

**ANSWER:** Defendants deny each, every, and all allegations, innuendo, and legal conclusions contained in Paragraph 43 of the FAC.

44.    And again, sales data produced by Kohl's demonstrates that the advertised "Regular" or "Original" price of each of these items was false, misleading, and in violation of 15

---

[6] This is the price Plaintiff paid, excluding tax, and reflects discounts in addition to those promised through the advertised "sale" price.

CSR 60-7.060(2) because it did not represent the actual, bona fide price at which Kohl's had sold ten percent (10%) or more of the total unit sales of the product during a period of time, not less than thirty (30) days nor more than twelve (12) months preceding the time of the advertisement; and because it did not represent a price at which Kohl's had offered the product for sale at the comparative price forty percent (40%) or more of the time during a period of time, not less than thirty (30) days nor more than twelve (12) months preceding the advertisement.

**ANSWER:** Defendants deny each, every, and all allegations, innuendo, and legal conclusions contained in Paragraph 44 of the FAC.

45.     In fact, the sales data shows that Kohl's hardly, *if ever* offered or sold these products at their advertised "Regular" or "Original" price, and it certainly did not do so in compliance with Missouri law:

| SKU | ITEM | Total # of Units Sold | Advertised "Regular" or "Original" Price | # and % of Units Sold at "Regular" or "Original" Price | Total # of Days Offered | # and % of Days Sold at "Regular" or "Original" Price |
|---|---|---|---|---|---|---|
| 33999088 | Misses Knits | ■■■ | $18.00 | ■■■ | ■■■ | ■■■ |
| 61056610 | Misses Wovens | ■■■ | $30.00 | ■■■ | ■■■ | ■■■ |
| 61056670 | Misses Wovens | ■■■ | $30.00 | ■■■ | ■■■ | ■■■ |
| 84850376 | Misses Bottoms | ■■■ | $44.00 | ■■■ | ■■■ | ■■■ |
| 65430531 | Misses Bottoms | ■■■ | $44.00 | ■■■ | ■■■ | ■■■ |

**ANSWER:** Defendants state that Kohl's sales records, on which this chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 45 of the FAC.

46.     The sales data also shows that the prevailing market price, and therefore actual value of each item was materially lower than the value Kohl's represented it to be through its false and misleading "Regular" or "Original" prices:

| SKU | ITEM DESCRIPTION | Expected Value based on "Regular" or "Original" Price | Actual Value measured by the most common or "Mode Price" | Actual Value measured by the average or "Mean Price" | Actual Value measured by the 50th percentile or "Median Price" |
|---|---|---|---|---|---|
| 33999088 | Misses Knits | $18.00 | ■ | ■ | ■ |
| 61056610 | Misses Wovens | $30.00 | ■ | ■ | ■ |
| 61056670 | Misses Wovens | $30.00 | ■ | ■ | ■ |

| SKU | ITEM DESCRIPTION | Expected Value based on "Regular" or "Original" Price | Actual Value measured by the most common or "Mode Price" | Actual Value measured by the average or "Mean Price" | Actual Value measured by the 50th percentile or "Median Price" |
|---|---|---|---|---|---|
| 84850376 | Misses Bottoms | $44.00 | ■ | ■ | ■ |
| 65430531 | Misses Bottoms | $44.00 | ■ | ■ | ■ |

**ANSWER:** Defendants state that Kohl's sales records, on which this chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 46 of the FAC.

47.     As shown by this chart, no matter what methodology is used to calculate the actual value of each item purchased, Plaintiff suffered monetary damages because she did not receive products worth the higher values Kohl's represented she would receive, and she therefore did not receive the full discount or benefit of the bargain that Kohl's promised.

**ANSWER:** Defendants state that Kohl's sales records, on which the chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 47 of the FAC.

24

48.    The receipt that Plaintiff received from Kohl's in connection with this transaction states that Plaintiff "saved" $319.39, including purported additional discount "savings" associated with other items purchased in the same transaction. The receipt refers to the higher comparison prices as "item" prices, rather than "Regular" or "Original" prices. The purported 'savings' are calculated as the difference between the higher "item" prices and the actual prices paid, thus confirming that Kohl's intends for the "item" prices to reflect each item's normal price and, therefore, *current* value. A true and correct copy of the receipt that Plaintiff received from Kohl's in this transaction is attached hereto as Exhibit 2. For the same reasons articulated above, the higher "item" prices listed on the receipt were false, misleading and did not reflect the actual value of each item. Therefore, the representation that Plaintiff "saved" $319.39 was false and misleading. Since Plaintiff did not receive products worth the higher "item" prices stated, and did not receive the actual amount of "savings" Kohl's represented, she did not receive the full benefit of the bargain Kohl's promised her and thereby suffered an ascertainable loss and damages.

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations in this paragraph as to Plaintiff's alleged purchase, but admit that their receipts list the amount "saved" in a given purchase. Defendants further admit that the receipt reflected in Exhibit 2 appears to be a receipt issued by Kohl's, and that the receipt speaks for itself.  Defendants deny each, every and all remaining allegations and innuendo contained in Paragraph 48 of the FAC.

49.    Similarly, on or about May 27, 2019, Plaintiff shopped on the Kohl's website while in Missouri and purchased numerous products for personal, family or household purposes. This transaction included the following private and exclusive branded products:

CORE/3518030.0002/159944716.1

| SKU | ITEM DESCRIPTION | ADVERTISED "REGULAR," OR "ORIGINAL" PRICE | "SALE" PRICE | PRICE PAID[7] |
|---|---|---|---|---|
| 84784201 | Sonoma Jean Shorts | $32.00 | $19.99 | $11.94 |
| 20869566 | Big One Pride Towel | $23.99 | $9.99 | $5.98 |
| 79491290 | Croft & Barrow Essential Crewneck T-shirt | $13.00 | $7.99 | $4.79 |
| 53208925 | Croft & Barrow Essential Crewneck T-shirt | $13.00 | $7.99 | $4.79 |
| 31055632 | Sonoma Zip-Up Hoodie | $30.00 | $14.99 | $8.95 |

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations in this paragraph as to Plaintiff's alleged shopping and purchase. Defendants deny each, every and all remaining allegations and innuendo contained in Paragraph 49, including footnotes, of the FAC.

50.    Again, by using the terms "Regular" and "Original" prices, and by failing to disclose that such prices were based on anything else, Kohl's indicated that its higher comparative prices were reflective of each product's fair market value based on its *own* actual, recent, usual and customary prices in compliance with 15 CSR 60-7.060(2). 15 CSR 60-7.010(L); 15 CSR 60-7.010(M); and 15 CSR 60-7.060(8).

**ANSWER:** Defendants state that Kohl's sales records, on which the chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 50 of the FAC.

---

[7] This is the price Plaintiff paid, excluding tax, and reflects discounts in addition to those promised through the advertised "sale" price.

CORE/3518030.0002/159944716.1

51.     And again, sales data produced by Kohl's demonstrates that the advertised "Regular" or "Original" price of each of these items was false, misleading, and in violation of 15 CSR 60-7.060(2) because it did not represent the actual, bona fide price at which Kohl's had sold ten percent (10%) or more of the total unit sales of the product during a period of time, not less than thirty (30) days nor more than twelve (12) months preceding the time of the advertisement; and because it did not represent a price at which Kohl's had offered the product for sale at the comparative price forty percent (40%) or more of the time during a period of time, not less than thirty (30) days nor more than twelve (12) months preceding the advertisement.

**ANSWER:** Defendants state that Kohl's sales records, on which the chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 51 of the FAC.

52.     In fact, the sales data shows that Kohl's hardly, *if ever,* offered or sold these products at their advertised "Regular" or "Original" price, and it certainly did not do so in compliance with Missouri law:

| SKU | ITEM | Total # of Units Sold | Advertised "Regular" or "Original" Price | # and % of Units Sold at "Regular" or "Original" Price | Total # of Days Offered | # and % of Days Sold at "Regular" or "Original" Price |
|---|---|---|---|---|---|---|
| 84784201 | Sonoma Jean Shorts | ▮ | $32.00 | ▮ | ▮ | ▮ |
| 20869566 | Big One Pride Towel | ▮ | $23.99 | ▮ | ▮ | ▮ |
| 79491290 | Croft & Barrow Essential Crewneck T-shirt | ▮ | $13.00 | ▮ | ▮ | ▮ |
| 53208925 | Croft & Barrow Essential Crewneck T-shirt | ▮ | $13.00 | ▮ | ▮ | ▮ |
| 31055632 | Sonoma Zip-Up Hoodie | ▮ | $30.00 | ▮ | ▮ | ▮ |

**ANSWER:** Defendants state that Kohl's sales records, on which this chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 52 of the FAC.

53.    The sales data also shows that the prevailing market price, and therefore actual value of each item was materially lower than the value Kohl's represented it to be through its false and misleading "Regular" or "Original" prices:

| SKU | ITEM DESCRIPTION | Expected Value based on "Regular" or "Original" Price | Actual Value measured by the most common or "Mode Price" | Actual Value measured by the average or "Mean Price" | Actual Value measured by the 50th percentile or "Median Price" |
|---|---|---|---|---|---|
| 84784201 | Sonoma Jean Shorts | $32.00 | ■ | ■ | ■ |
| 20869566 | Big One Pride Towel | $23.99 | ■ | ■ | ■ |
| 79491290 | Croft & Barrow Essential Crewneck T-shirt | $13.00 | ■ | ■ | ■ |
| 53208925 | Croft & Barrow Essential Crewneck T-shirt | $13.00 | ■ | ■ | ■ |
| 31055632 | Sonoma Zip-Up Hoodie | $30.00 | ■ | ■ | ■ |

**ANSWER:** Defendants state that Kohl's sales records, on which this chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 53 of the FAC.

54.     As shown by this chart, no matter what methodology is used to calculate the actual value of each item purchased, Plaintiff suffered monetary damages because she did not receive products worth the higher values Kohl's represented she would receive, and she therefore did not receive the full discount or benefit of the bargain that Kohl's promised.

**ANSWER:** Defendants state that Kohl's sales records, on which this chart appears to be based, speak for themselves. Defendants deny each, every, and all remaining allegations, innuendo, and legal conclusions contained in Paragraph 54 of the FAC.

55.     The Order Summary that Plaintiff received from Kohl's in connection with this transaction states that Plaintiff's "savings" in connection with this transaction (including purported "savings" associated with other products purchased at the same time) was $125.10. A true and correct copy of the Order Summary is attached hereto as Exhibit 3. For the same reasons articulated above, the representation that Plaintiff "saved" $125.10 was false and misleading. Since Plaintiff

did not receive the actual amount of "savings" Kohl's represented, she did not receive the full benefit of the bargain Kohl's promised her and thereby suffered an ascertainable loss and damages.

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations in this paragraph as to Plaintiff's alleged purchase, but admit that their email order confirmations list the amount "saved" in a given purchase. Defendants further admits that the order confirmation reflected in Exhibit 3 appears to be an order confirmation issued by Kohl's, and that the order confirmation speaks for itself. Defendants deny the remaining allegations and innuendo contained in Paragraph 55 of the FAC.

56.    The transactions described above are only a small sampling of the numerous private and exclusive branded products that Plaintiff purchased from Kohl's (both on its website and in its retail stores) during the Class Period based on similar false and misleading representations concerning those products' "Regular" or "Original" prices. Plaintiff was similarly injured as a result of Kohl's false and deceptive price comparisons with respect to each such purchase and, by detailing the above transactions, Plaintiff does not in any way intend to limit the scope of her claims or request for relief to the detailed transactions. Rather, Plaintiff expressly seeks damages for all of her similar transactions with Kohl's and, if necessary, Plaintiff will amend or seek leave to amend this Complaint to detail such additional transactions.

**ANSWER:** Defendants lack sufficient information to admit or deny Plaintiff's other alleged purchases. Defendants admit that Plaintiff purports to seek damages, but deny that she has suffered any damage. Plaintiff's purported reservation of rights to amend the Complaint is a legal conclusion to which no response is required. Defendants deny each, every, and all remaining allegations and innuendo contained in Paragraph 56 of the FAC.

57.     Plaintiff would like to shop at Kohl's again in the immediate future, but she currently cannot trust that Kohl's will advertise truthful price comparisons in compliance with Missouri law. If Kohl's agrees to voluntarily change its practices, or if Kohl's is ordered to do so by a court of competent jurisdiction, such that Plaintiff can reasonably trust that Kohl's price comparison advertisements will comply with Missouri law, Plaintiff will return to shop at Kohl's.

**ANSWER:** Defendants deny each, every, and all allegations and innuendo contained in Paragraph 57 of the FAC.

58.     Kohl's deceptive practices are wide-spread over the course of many years. Plaintiff therefore believes that hundreds or thousands of similar and materially indistinguishable acts of misleading, untrue, false and deceptive price-comparison advertising were committed by Kohl's with respect to Class Members' purchases at Kohl's stores and on its website throughout Missouri during the Class Period.

**ANSWER:** Defendants deny each, every, and all allegations and innuendo contained in Paragraph 58 of the FAC.

59.     Plaintiff asserts that Defendants continue to employ unfair, deceptive, false, misleading, and untrue advertising practices as alleged herein. Plaintiff, on behalf of herself and the putative Class, seeks all actual damages, punitive damages, injunctive relief, costs, attorneys' fees, and any other relief the Court deems proper.

**ANSWER:** Defendants admit that Plaintiff purports to seek damages, injunctive relief, costs, attorneys' fees, and any other relief the Court deems proper, but deny that Plaintiff or the putative class are entitled to any such relief.  Defendants deny each, every, and all allegations and innuendo contained in Paragraph 59 of the FAC.

**CLASS DEFINITION**

60.     The Class is defined as follows:

"All persons who, while in the state of Missouri, and any time between the date that is five years immediately preceding the filing of this lawsuit and the date of any judgment in this case (the "Class Period"), purchased from Kohl's (either at a Kohl's retail store or from its website) for personal, family or household purposes one or more private or exclusive branded items advertised with a "Sale" price of 20% or more below a stated "Original" or "Regular" price and who have not received a refund or credit for their purchase(s)."

Excluded from the Class are Defendants, as well as their officers, directors, and employees.

**ANSWER:** Defendants admit that Plaintiff purports to bring this case on behalf of himself and a class of consumers. Defendants further admit that the FAC purports to identify a class of persons whom Plaintiff seeks to represent.  Defendants deny that certification of any class is proper under Federal Rule of Civil Procedure 23.   Defendants deny the remaining allegations and innuendo contained in Paragraph 60 of the FAC.

61.     Plaintiff reserves the right to amend this Class definition, including the addition of any subclasses and or modification of the Class Period, at any time based upon further investigation, information and/or discovery.

**ANSWER:** Defendants state that Plaintiff's purported reservation of the right to change the class definition is a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny the remaining allegations and innuendo contained in Paragraph 61 of the FAC.

## CLASS ALLEGATIONS

62.     Plaintiff seeks certification of the Class pursuant to Federal Rules 23(a) and 23(b)(3) and may also, or in the alternative, seek certification of subclasses and/or particular issues pursuant to Federal Rules 23(c)(4) and (5).

**ANSWER:** Defendants admit that Plaintiff purports to bring this case on behalf of himself and a class of consumers. Defendants state that Plaintiff's purported reservation of rights to seek certification of subclasses and/or particular issues is a legal conclusion to which no answer is

CORE/3518030.0002/159944716.1

required. To the extent an answer is required, Defendants deny the remaining allegations and innuendo contained in Paragraph 62 of the FAC.

63.      The members of the Class identified above are so numerous that joinder of all members is impracticable. While the exact number of Class Members is unknown to Plaintiff at this time, the individual identities of the individual members of the Class are ascertainable through Defendants' records and/or by public notice and self-identification.

**ANSWER:** Defendants deny the allegations and innuendo contained in Paragraph 63 of the FAC.

64.      There is a well-defined community of interest in the questions of fact and law involved affecting the members of the Class. The questions of law and fact common to the members of the Class predominate over questions affecting only individual Class Members, and include, but are not limited to, the following:

a.      Whether Kohl's made false or misleading statements in connection with its price-comparison advertising;

b.      Whether Kohl's price-comparison advertising regarding its private and exclusive branded products was false, deceptive, misleading or unlawful under Missouri law;

c.      Whether Kohl's statements regarding its price comparisons were material to a reasonable consumer;

d.      Whether the "Regular" or "Original" prices advertised by Kohl's were actual and bona fide, or fictitious under Missouri law;

e.      Whether Kohl's had a bona fide intent of selling a reasonable quantity of its private and exclusive branded items at the advertised "Original" or "Regular" prices;

f.    Whether the "Original" or "Regular" prices advertised by Kohl's overstate the fair market value of the items so advertised;

g.    Whether Plaintiff and putative Class Members have suffered damages as a result of Kohl's conduct;

h.    Whether Plaintiff and the Class received the benefit of the bargain that Kohl's advertised they would receive;

i.    Whether the members of the Class are entitled to injunctive relief;

j.    Whether the members of the Class are entitled to pre-judgment and post-judgment interest;

k.    Whether the members of the Class are entitled to punitive damages; and

l.    Whether the members of the Class are entitled to an award of reasonable attorneys' fees and costs.

**ANSWER:** Defendants deny the allegations and innuendo contained in Paragraph 64, including subparts, of the FAC.

65.    Plaintiff's claims are typical of the claims of the other members of the Class which all arise from the same operative set of facts involving Kohl's false price-comparison advertising scheme and are entitled to damages of the same character.

**ANSWER:** Defendants deny the allegations and innuendo contained in Paragraph 65 of the FAC.

66.    Plaintiff will fairly and adequately protect the interests of the Class and has no known conflicts of interest. Plaintiff has retained counsel experienced in handling consumer class actions of the type alleged herein.

CORE/3518030.0002/159944716.1

**ANSWER:** Defendants deny the allegations and innuendo contained in Paragraph 66 of the FAC.

67.     Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class Members and would lead to repetitious trials of the numerous common questions of fact and law in the State of Missouri; and could lead to the establishment of incompatible standards of conduct for Defendants. Such individual adjudications would be, as a practical matter, dispositive of the interests of, or would substantially impair or impede the interests of, the other Class Members. Plaintiff is not aware of any difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

**ANSWER:** Defendants deny the allegations and innuendo contained in Paragraph 67 of the FAC.

68.     Defendants have acted or have refused to act on grounds that generally apply to the Class and final injunctive relief is appropriate as to the Class as a whole. Specifically, Defendants have advertised misleading and untrue "Regular" or "Original" prices of their private and exclusive brand items in violation of Missouri law, and injunctive relief is necessary to avoid ongoing violations in the future.

**ANSWER:** Defendants deny the allegations and innuendo contained in Paragraph 68 of the FAC.

69.     The common questions of law and fact predominate over any questions affecting only individual members. Furthermore, a class action is a superior method for fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply

35

with applicable law. The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is small relative to the cost of maintaining an action.

**ANSWER:** Defendants deny the allegations and innuendo contained in Paragraph 69 of the FAC.

70.     Proper and sufficient notice of this action may be provided to the Class Members through methods best designed to provide adequate notice, including potentially a combination of electronic mail and/or postal mail, internet website, and/or publication.

**ANSWER:** Defendants deny the allegations and innuendo contained in Paragraph 70 of the FAC.

71.     Furthermore, the Class Members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class. Absent certification of this action as a class action, Plaintiff and the members of the Class will continue to be damaged, thereby allowing Defendants to retain the proceeds of their ill-gotten gain.

**ANSWER:** Defendants deny the allegations and innuendo contained in Paragraph 71 of the FAC.

72.     Plaintiff alleges that, as a direct result of bringing the allegations herein to Defendants' attention, Plaintiff has or will make substantial and important changes to Defendants' advertising practices. Thus, Plaintiff has or will enforce an important public right affecting the public interest, conferring a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons. Plaintiff further alleges that private enforcement of the laws-in-question is both necessary and financially burdensome for Plaintiff.

**ANSWER:** Defendants deny the allegations and innuendo contained in Paragraph 72 of the FAC.

**COUNT I**

**Unlawful Practices in Violation of the Missouri Merchandising Practices Act**

73.    Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

**ANSWER:** Defendants repeat and re-allege every denial and other statement made in its answers to Paragraphs 1 through 72 above.

74.    The Missouri Merchandising Practices Act ("MMPA") provides, in part, that "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice." V.A.M.S. § 407.020(1).

**ANSWER:** Defendants state that the cited statute speaks for itself, and that the allegations contained in Paragraph 74 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 74 of the FAC.

75.    Kohl's violates the MMPA because its price-comparison advertising scheme violates federal regulations promulgated by the FTC, including 16 C.F.R. § 233.1(a), which describes acts and practices materially indistinguishable from those of Kohl's as deceptive.

**ANSWER:** Defendants state that the allegations contained in Paragraph 75 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 75 of the FAC.

CORE/3518030.0002/159944716.1

76.    Kohl's also violates the MMPA because its price-comparison advertising scheme violates numerous rules promulgated by the Missouri Attorney General, which such acts and practices are deemed to violate the MMPA, including the following:

    a.    A seller, such as Kohl's, may not "use terminology implying a reduction from a price in effect immediately prior to the advertisement (examples: sale, sale prices, now only $___) unless . . . [t]he reduction is, in fact, from a bona fide regular price in effect immediately prior to the advertisement." 15 CSR 60-7.050.

    b.    A seller, such as Kohl's, may not make any price comparison in which the product being advertised materially differs in composition, grade or quality, style or design, model, name or brand, kind or variety, or service and performance characteristics from the comparative product, unless the seller clearly discloses the material difference in the advertisement with the price comparison. 15 CSR 60-7.060(1).

    c.    A seller, such as Kohl's, also shall not make a price comparison to a former price, including through the use of terms such as "regular" or "original" price, unless the comparative former price is actual, bona fide and not illusory or fictitious, and is—

        •    A price at which reasonably substantial sales of the product were made to the public by the seller in the regular course of the seller's business, and on a regular basis during a reasonably substantial period of time in the immediate, recent period preceding the advertisement. There shall be a rebuttable presumption that the seller has not complied with these terms unless the seller can show that the percentage of unit sales of the product at the comparative price, or at prices higher than the comparative price, is ten percent

(10%) or more of the total unit sales of the product during a period of time, not less than thirty (30) days nor more than twelve (12) months, which includes the advertisement; or

• A price at which the product was openly and actively offered for sale to the public by the seller in the regular course of the seller's business, and on a regular basis during a reasonably substantial period of the time in the immediate, recent period preceding the advertisement. There shall be a rebuttable presumption that the seller has not complied with these terms unless the seller can show that the product was offered for sale at the comparative price, or at prices higher than the comparative price, forty percent (40%) or more of the time during a period of time, not less than thirty (30) days nor more than twelve (12) months, which includes the advertisement;

• A price at which reasonably substantial sales of the product were made to the public by the seller in the regular course of the seller's business, and on a regular basis during a reasonably substantial period of time in any period preceding the advertisement, and the advertisement clearly discloses, with the price comparison, the date, time or seasonal period of that offer. There shall be a rebuttable presumption that the seller has not complied with these terms unless the seller can show that the percentage of unit sales of the product at the comparative price, or at prices higher than the comparative

39

price, is ten percent (10%) or more of the total unit sales of the product during the disclosed date, time or seasonal period; or

• A price at which the product was openly and actively offered for sale to the public by the seller in the regular course of the seller's business, and on a regular basis during a reasonably substantial period of time in any period preceding the advertisement, and the advertisement clearly discloses with the price comparison, the date, time or seasonal period of that offer. There shall be a rebuttable presumption that the seller has not complied with these terms unless the seller can show that the product was offered for sale at the comparative price, or at prices higher than the comparative price, forty percent (40%) or more of the time during a period of time, not less than thirty (30) days nor more than twelve (12) months, which includes or is included within the disclosed date, time or seasonal period.

15 CSR 60-7060(2)(B).

**ANSWER:** Defendants state that the cited regulation speaks for itself, and that the allegations contained in Paragraph 76 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 76, including subparts, of the FAC.

77. As alleged herein, Plaintiff is entitled to a rebuttable presumption that Kohl's violates the MMPA because it cannot show that it complies with any of the above requirements in connection with its price-comparison advertising scheme.

**ANSWER:** Defendants state that the allegations contained in Paragraph 77 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 77 of the FAC.

78.     Missouri law also prohibits a seller from using any price comparison or savings claims in its advertisement of products in Missouri unless it maintains adequate records which disclose the factual basis for the price comparison or savings claims and from which the validity of any claim can be established, and these records shall be maintained for at least twelve (12) months from the date of the advertisement. Kohl's does not maintain adequate records that disclose the basis for its price comparison and upon which the validity of its price comparison claims can be established and thereby further violates the MMPA.

**ANSWER:** Defendants state that the allegations contained in Paragraph 78 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 78 of the FAC.

79.     Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by Section 407.020, may bring a private civil action to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorneys' fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper. V.A.M.S. 407.025.

**ANSWER:** Defendants state that the allegations contained in Paragraph 78 constitute legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 78 of the FAC.

80.     As alleged herein, Plaintiff and the Class purchased from Kohl's various private and exclusive branded products for personal, family or household purposes. Kohl's advertised that these products were on "sale" at a substantial discount compared to Kohl's "Regular" or "Original" prices. In reality the "sale" prices were false and misleading because they were not reductions from bona fide prices in effect immediately prior to the advertised sales, and the higher "Regular" and "Original" prices were not prices at which Kohl's had recently sold such products in substantial quantities, or prices at which Kohl's had recently offered to sell such products for a substantial period of time. Additionally, Kohl's has not maintained records showing the validity of its price comparisons as required by the MMPA.

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations in this paragraph as to the purpose of Plaintiff's purchases. Defendants admit that Kohl's periodically offers discounts from "Regular" or "Original" prices. Defendants deny the remaining allegations and innuendo contained in Paragraph 80 of the FAC.

81.     The acts and practices of Kohl's, as alleged herein, were intended and likely to deceive consumers.

**ANSWER:** Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 81 of the FAC.

82.     The acts and practices of Kohl's, as alleged herein, caused actual damages to Plaintiff and the Class, who did not receive the benefit of their bargain because the actual market value of the products they purchased was materially less than the value Kohl's represented each product had through its "Regular" and "Original" prices. On behalf of herself and the Class, Plaintiff seeks from Kohl's benefit of the bargain damages, in addition to punitive damages, interest, attorneys' fees and any and all other relief to which they are entitled.

**ANSWER:** Defendants admit that Plaintiff purports to seek benefit of the bargain damages, in addition to punitive damages, interest, attorneys' fees and other relief, but denies that they are entitled to any such damages, punitive damages, interest, attorneys' fees or other relief. Defendants deny the remaining allegations, innuendo, and legal conclusions contained in Paragraph 82 of the FAC.

83.    In addition, Plaintiff and the putative Class seek and are entitled to a permanent injunction restraining Defendants from continuing to violate Missouri law through its price- comparison advertising scheme.

**ANSWER:** Defendants admit that Plaintiff purports to seek injunctive relief on behalf of a putative class, but deny that they are entitled to any such relief.  Defendants deny that they violate or have violated Missouri law. Defendants deny the remaining allegations, innuendo, and legal conclusions contained in Paragraph 83 of the FAC.

**COUNT II**

**Unjust Enrichment**

84.    Plaintiff incorporates and realleges each and every preceding paragraph as though fully set forth herein.

**ANSWER:** Defendants repeat and re-allege every denial and other statement made in its answers to Paragraphs 1 through 83 above.

85.    As a result of Defendants' false price comparison advertising scheme, Kohl's was unjustly enriched at the expense of Plaintiff and the Class who purchased from Kohl's more products and/or paid higher prices than they would have absent the scheme.

**ANSWER:** Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 85 of the FAC.

CORE/3518030.0002/159944716.1

86.     Kohl's intentionally accepted, retained and appreciated the money that Plaintiff and the Class spent purchasing products that were tainted and influenced by the false price comparison advertising scheme.

**ANSWER:** Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 86 of the FAC.

87.     Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiff and the Class in light of the fact that the products that Plaintiff and the Class purchased from Kohl's did not have the higher value or worth that Kohl's represented they had through its false "Regular" and "Original" price comparisons.

**ANSWER:** Defendants deny the allegations, innuendo, and legal conclusions contained in Paragraph 87 of the FAC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the putative Class pray for judgment against all Defendants as follows:

1.    For an order that this action be certified as a class action on behalf of the proposed Class and Plaintiff be appointed as representative of the Class; and

2.    For an order and judgment preliminarily and permanently enjoining Defendants from employing, utilizing or otherwise publishing false, untrue, and misleading "Regular" or "Original" prices;

3.    For an order compelling Defendants to institute policies and procedures which will educate Defendants' employees as to Missouri price-comparison advertising laws and assure that such employees follow the law;

4.      For such orders or judgments as the Court may consider necessary to prevent the use or employment of Defendants of any practices which violate Missouri law;

5.      For actual damages, measured by the benefit of the bargain that Kohl's represented, but which Plaintiff and the Class did not receive;

6.      For equitable relief, including disgorgement of ill-gotten gains and unjust enrichment obtained by Defendants;

7.      For attorneys' fees and costs;

8.      For pre-judgment interest;

9.      For post-judgment interest; and

10.     For such other and further relief as the court may deem proper.

**ANSWER:** Defendants deny that Plaintiff and putative class members are entitled to the relief specified in the Prayer for Relief, or any other relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendants submit the following Affirmative Defenses. Defendants did not initiate this action, and discovery is ongoing. As Defendants learn more about Plaintiff, the circumstances of her alleged purchases, and her claims, Defendants will amend the affirmative defenses below as may be appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's FAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert any of the claims for relief because she sustained no injuries or damages.

CORE/3518030.0002/159944716.1

## THIRD AFFIRMATIVE DEFENSE

Plaintiff and putative class members have failed to mitigate, reduce, or otherwise avoid their damages or injuries.

## FOURTH AFFIRMATIVE DEFENSE

Because the value of the items Plaintiff purchased exceeds the amount she paid for them, Plaintiff's claims for monetary relief are barred, in whole or in part, because any monetary recovery would amount to a windfall and equity may not be invoked to obtain a windfall.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff purports to seek identical monetary recovery and injunctive relief under each of her causes of action. Accordingly, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks cumulative remedies.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' alleged conduct did not cause Plaintiff or any putative class member any harm and/or injury.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any alleged deceptive statements constitute puffery.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred, in whole or in part, because Plaintiff fails to allege an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants were under no duty to disclose any of the purported information Plaintiff alleges was not disclosed.

46

## TENTH AFFIRMATIVE DEFENSE

All acts and conduct of Defendants, as alleged in the FAC, fully or substantially conformed to, complied with, and were authorized by applicable federal, state and/or local laws, rules, and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

The FAC, and each of the purported causes of action alleged therein, is barred, in whole or in part, because the requested monetary relief is too speculative, remote, and/or impossible to prove and/or allocate.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff does not constitute a proper representative of the purported class, is not qualified to protect and represent fairly and adequately the interests of every member of the purported class, and does not have claims typical of other purported class members.

## THIRTEENTH AFFIRMATIVE DEFENSE

The FAC may not be properly maintained or certified as a class action because Defendant's rights under the Fifth, Seventh, and Fourteenth Amendments of the United States Constitution would be violated, as well as the comparable provisions of applicable state constitutions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, unclean hands, and/or abandonment.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or members of the purported class are barred, in whole or in part, by the doctrine of accord and satisfaction. Over the preceding four years, many

customers have returned merchandise purchased from Kohl's stores or Kohls.com for a full refund. These customers have no claim.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff could have avoided any of the alleged harm by returning the items she purchased from Kohl's and obtaining a full refund under Defendants' extraordinarily liberal, no-hassle return policy. Accordingly, if Plaintiff has suffered any injury or harm, which Defendants expressly deny, Plaintiff's recovery is barred, in whole or in part, by Plaintiff's failure to mitigate, reduce, or otherwise avoid her damages or injuries.

## SEVENTEENTH AFFIRMATIVE DEFENSE

All receipts from Kohl's stores direct customers to Kohls.com and explicitly state that all purchases are subject to the terms/conditions found in legal notices at Kohl's.com. Among other things, the legal notices provide that: "THERE SHALL BE NO RIGHT OR AUTHORITY FOR ANY DISPUTE TO BE LITIGATED ON A CLASS ACTION OR CONSOLIDATED BASIS . . . ." Accordingly, this action is barred, in whole or in part, because Plaintiff has waived her right to present her claims in a class action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or members of the purported class expressly and/or impliedly consented to and/or had knowledge of all activities or conditions alleged to have caused them harm.

On information and belief, Plaintiff knew and understood the meaning of the pricing and promotions at issue in the FAC, and alleged discounts thereto, before making the purchases alleged in the FAC.

48

Similarly, many if not all putative class members were fully aware of the meaning of the pricing practices at issue in this case. These putative class members were not in any way deceived by Defendants' pricing.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative class members lack standing to bring this action because they understood the meaning of pricing practices at the time of their purchases.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims of absent class members are barred, in whole or in part, on an individual basis because the information that Plaintiff claims was deceptive was not material to them.

On information and belief, consumers shop at Kohl's stores and Kohls.com because of the competitive price at which it offers goods, and not because of reference prices or advertised discounts. Purchasing behavior is complex, and the overwhelming majority of Kohl's customers bought items for many different reasons that had no connection to the reference price, and without any misunderstanding as to Kohl's pricing.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering against Defendants because any recovery in favor of Plaintiff would result in Plaintiff's unjust enrichment. Defendants offered each item at a price, Plaintiff decided to pay that price, and Plaintiff does not allege that the item was worth any less than what she paid.

Plaintiff received favorable commercial terms on each item she purchased, and any payment to him would enrich her unjustly.

49

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of absent class members are barred, in whole or in part, by the applicable statute of limitations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because plaintiff did not purchase the products for personal, family, or household use.

## RESERVATION OF RIGHTS

Defendants hereby gives notice that they intend to rely upon any other defenses that may become available or appear during the discovery proceedings in this case and hereby reserve the right to amend their Answer to assert any such additional defenses.

## DEFENDANTS' REQUEST FOR RELIEF

**WHEREFORE**, having fully answered, Defendants respectfully request that the Court:

1.      Dismiss Plaintiff's FAC with prejudice;

2.      Enter judgment in favor of Defendants with an award of costs; and

3.      Grant Defendants such other and further relief as may be just and appropriate, including attorney's fees.

## DEFENDANTS' DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury for all claims so triable.

CORE/3518030.0002/159944716.1

DATED: June 15, 2020

Respectfully submitted,

/s/ *John R. Munich*
John R. Munich #29799MO
Benjamin D. Woodard, #66926MO
**STINSON LLP**
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105-1821
Telephone: (314) 863-0800
Facsimile: (314) 863-9388
john.munich@stinson.com
benjamin.woodard@stinson.com

**STEPTOE & JOHNSON LLP**
Stephanie A. Sheridan (*pro hac vice*)
Anthony J. Anscombe (*pro hac vice*)
Meegan B. Brooks (*pro hac vice*)
One Market Street
Spear Tower, Suite 3900
San Francisco, CA 94105
Telephone: 415-365-6700
Facsimile: 415-365-6699
ssheridan@steptoe.com
aanscombe@steptoe.com
mbrooks@steptoe.com

Attorneys for Defendants
KOHLS' CORPORATION and
KOHL'S DEPARTMENT STORES,
INC.

CORE/3518030.0002/159944716.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing document was forwarded to all attorneys of record via the Court's electronic filing system this 15th day of June, 2020.

/s/ *John R. Munich*
Attorney for Defendants

52

CORE/3518030.0002/159944716.1