UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JILL HENNESSEY, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) No. 4:19-cv-01866-DDN |
| vs. | ) ) |
| KOHL'S CORPORATION and KOHL'S DEPARTMENT STORES, INC. | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTIONS TO THE DECLARATION OF STEFAN BOEDEKER FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendants Kohl's Corporation and Kohl's, Inc. f/k/a Kohl's Department Stores, Inc. (collectively "Kohl's") hereby object to the Declaration of Stefan Boedeker ("Boedeker") (Dkt. No. 91) offered by Plaintiff in support of her motion for class certification ("Motion") (Dkt. No. 88).

On a motion for class certification, the Court may disregard expert opinion testimony which fails to meet the standards set forth in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006) ("Under the framework developed in Daubert, trial courts must serve as gatekeepers to insure that proffered expert testimony is both relevant and reliable.") (internal citation and quotation omitted); *Giles v. Miners, Inc.*, 242 F.3d 810, 812 (8th Cir. 2001) ("Under *Daubert* . . . the district court acts as 'gatekeeper' to screen expert testimony for relevance and reliability."). As gatekeeper of expert testimony, this Court should preclude Mr. Boedeker from offering opinions on which he is neither qualified to offer, nor which comport with the other requirements of Fed. R. Evid. § 702, and on topics where his proffered expert conclusion is based on materials on which an expert cannot reasonably rely. Fed. R. Evid. § 703. *See Cramer v. Equifax Info. Servs.*, No. 4:18-CV-1078 CAS, 2019 WL 4468945, at *2 (E.D. Mo. Sept. 18, 2019) ("Under Rule 702, the trial court has gatekeeping

responsibility to 'ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'") (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999)).

### SPECIFIC OBJECTIONS TO THE DECLARATION OF STEFAN BOEDEKER FILED BY THE PLAINTIFF IN SUPPORT OF HER MOTION FOR CLASS CERTIFICATION

| Material Objected To | Grounds for Objection | Ruling |
|---|---|---|
| **Objection to Declaration of Stefan Boedeker**<br><br>**Pages 11-12 ¶¶ 30-34: Opinion that the number of units sold at the full "ticket price" are below 10%** | - Speculation. Fed. R. Evid. § 602.<br>- Fed. R. Evid. §§ 702.<br>- Boedeker has treated transactions as "on sale" when a customer used a loyalty benefit, such as Kohl's Cash® coupons, even though these benefits are supported by independent consideration.<br>- Boedeker has only looked at sales over a seven-year period instead of periods between 30 and 365 days as specified in the regulation, 15 CSR 60-7.060(2). | Sustained:_____<br>Overruled:_____ |
| **Objection to Declaration of Stefan Boedeker**<br><br>**Pages 14-15 ¶¶ 36-43: Opinion that "Kohl's does not have a good faith belief or intent that it will ultimately sell many of its products at the ticket price."** | - Speculation. Fed. R. Evid. § 602.<br>- Impermissible claimed expert opinion. Fed. R. Evid. §§ 702. Boedeker is not a legal expert or mind-reader, and legal opinions should be excluded.<br>- Lacks foundation. An expert's testimony cannot be based on speculation and subjective belief; rather, an expert must rely upon matter that is of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his testimony relates. Fed. R. Evid. § 703. | Sustained:_____<br>Overruled:_____ |
| **Objection to Declaration of Stefan Boedeker**<br><br>**Pages 15-16 ¶¶ 45-46: Opinion concerning** | - Speculation. Fed. R. Evid. § 602.<br>- Impermissible claimed expert opinion. Fed. R. Evid. §§ 702. Evidence Code section 702 provides that a person is qualified to testify as an expert only if "the testimony is the product of reliable principles and methods and the | Sustained:_____<br>Overruled:_____ |

| | | |
|---|---|---|
| **"value represented"** | expert has reliably applied the principles and methods to the facts of the case." Boedeker uses the ticket prices as the "value as represented," because Boedeker equates it with the "value perceived" by customers. But he admits that perceptions of value depend on many variables beside price. He also admits that he is not an expert in consumer behavior and has not studied it here.<br><br>- Lacks foundation. An expert's testimony cannot be based on speculation and subjective belief; rather, an expert must rely upon matter that is of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his testimony relates. Fed. R. Evid. § 703. Boedeker admits that he has no idea how consumers interpret ticket prices. | |
| **Objection to Declaration of Stefan Boedeker**<br><br>**Pages 16-18 ¶¶ 48-52: Opinion concerning "value received"** | - Speculation. Fed. R. Evid. § 602.<br><br>- Impermissible claimed expert opinion. Fed. R. Evid. §§ 702. Evidence Code section 702 provides that a person is qualified to testify as an expert only if "the testimony is the product of reliable principles and methods and the expert has reliably applied the principles and methods to the facts of the case." Plaintiff alleges that the class has conferred a benefit on Kohl's by purchasing more products and/or paying higher prices than it would have absent the "scheme," but Boedeker has not done this kind of analysis. Boedeker's attempt to calculate "fair market value" only considers Kohl's sales, which is not the relevant market. The relevant product market includes all those products that are regarded as interchangeable, or substitutable by reason of product characteristics, prices and intended use.<br><br>- Lacks foundation. An expert's testimony cannot be based on speculation and subjective belief; rather, an expert must rely upon matter that is of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his testimony relates. | Sustained:_____<br>Overruled:_____ |

| | | |
|---|---|---|
| | Fed. R. Evid. § 703. Boedeker ignores that out-the-door prices paid by Kohl's customers contain discounts unrelated to Kohl's promotional pricing. | |
| **Objection to Declaration of Stefan Boedeker**<br><br>**Pages 18-20 ¶¶ 53-55: Opinion on economic loss** | - Speculation. Fed. R. Evid. § 602.<br><br>- Impermissible claimed expert opinion. Fed. R. Evid. §§ 702. Evidence Code section 702 provides that a person is qualified to testify as an expert only if "the testimony is the product of reliable principles and methods and the expert has reliably applied the principles and methods to the facts of the case." Boedeker's method of subtracting central tendency out-the-door prices (value received) from ticket prices (value as represented) for each item of merchandise sold between 2014 and the present uses irrelevant numbers and leads to absurd results. Boedeker calculates that damages for certain items exceed what Kohl's received, and in some cases are almost double. Effectively, Boedeker's theory would result in more than a full refund. | Sustained:_____<br>Overruled:_____ |
| **Objection to Declaration of Stefan Boedeker**<br><br>**Pages 20-21 ¶¶ 56-58: Summary and conclusions** | - Speculation. Fed. R. Evid. § 602.<br><br>- Impermissible claimed expert opinion. Fed. R. Evid. §§ 702.<br><br>- Lacks foundation. Fed. R. Evid. § 703. | Sustained:_____<br>Overruled:_____ |

Dated: March 2, 2021                    Respectfully submitted,

/s/ *John R. Munich*
John R. Munich #29799MO
Benjamin D. Woodard #66926MO
**STINSON LLP**
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105-1821
Telephone (314) 863-0800
Facsimile (314) 863-9388
john.munich@stinson.com
benjamin.woodard@stinson.com

Stephanie A. Sheridan (Admitted P*ro Hac Vice*)
Anthony J. Anscombe (Admitted P*ro Hac Vice*)
Meegan B. Brooks (Admitted P*ro Hac Vice*)
**STEPTOE & JOHNSON LLP**
One Market Street
Spear Tower, Suite 3900 San Francisco, CA 94105
Telephone: 415-365-6700
Facsimile: 415-365-6699
ssheridan@steptoe.com
aanscombe@steptoe.com
mbrooks@steptoe.com

Darlene Alt (Admitted *Pro Hac Vice*)
Jamie Witte (Admitted *Pro Hac Vice*)
**STEPTOE & JOHNSON LLP**
227 West Monroe St., Suite 4700
Chicago, IL 60606
Telephone: 312-577-1300
Facsimile: 312-577-1370
dalt@steptoe.com
jwitte@steptoe.com

Attorneys for Defendants KOHL'S CORPORATION and KOHL'S DEPARTMENT STORES, INC.

CORE/3518030.0002/165386801.1

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing document was forwarded to all attorneys of record via the Court's electronic filing system this 2nd day of March, 2021.

                                      /s/ *John R. Munich*
                                      Attorney for Defendants