# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JILL HENNESSEY, Individually and on Behalf of Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KOHL'S CORPORATION and<br>KOHL'S DEPARTMENT STORES, INC.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 4:19 CV 1866 DDN<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jill Hennessey to enforce the parties' settlement, which defendants Kohl's Corporation and Kohl's Department Stores, Inc., oppose. (Docs. 181-1, 185-1.) The Court heard argument on the motion on November 30, 2022. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

For the reasons set forth below, plaintiff's motion to enforce the settlement is granted.

## BACKGROUND

On September 9, 2022, defendants served upon plaintiff an offer of judgment pursuant to Federal Rule of Civil Procedure 68. (Doc. 181-4.) The Rule 68 offer included a sum certain to be paid to plaintiff, in addition to plaintiff's reasonable court costs and attorneys' fees that were to be determined by the Court and were not to exceed a fixed sum. (*Id*.) In addition to the monetary terms, the offer included terms that specified the scope of claims that it covered and that disclaimed wrongdoing by defendants. (*Id*.) Though plaintiff did not accept defendants' Rule 68 offer, it prompted further settlement negotiations. On September 20, defense counsel memorialized the negotiations in an

email, recounting that plaintiff countered at one amount and defendants countered at another, with defendants' counter stating a specific amount to be paid to plaintiff and another specific amount to be paid in attorneys' fees.  (Doc. 181-5.)  While the parties negotiated and at plaintiff's request, they rescheduled defendants' deposition of plaintiff's expert from September 20 to October 5, 2022.  (Doc. 185-2 ¶ 11c.)  Defendants did not depose plaintiff's expert on October 5 or seek to reschedule the deposition again.  (Doc. 191-2 ¶ 13.)

On September 23, defense counsel left a voicemail for plaintiff's counsel with a counteroffer that stated one specific amount.  (Doc. 181-6.)  The next morning, plaintiff's counsel responded as follows: "In response to your voicemail yesterday, Plaintiff hereby accepts Kohl's settlement offer to pay [redacted] in exchange for Ms. Hennessey dismissing her individual case with prejudice.  As you further requested, Plaintiff agrees to keep the terms of this settlement confidential.  Please let us know what information you need to process payment."  (Doc. 181-7.)  Plaintiff's counsel contacted defense counsel the following week to finalize the agreement, but defense counsel was largely unavailable. (Doc. 181-8.)

On October 4, 2022, defense counsel sent to plaintiff's counsel a draft settlement agreement, and plaintiff's counsel responded with an edited agreement on October 6.  (Doc. 181-9.)  The parties thereafter disputed the inclusion of certain representations and warranties.  (Doc. 181-12.)  Plaintiff's counsel contended that the parties agreed to the material terms and reached a binding settlement on September 24, when he sent the email accepting defendants' counteroffer.  (*Id*.)  Defense counsel responded that, because counsel for the parties continued to negotiate the terms in the written agreement, the parties had not yet reached a binding agreement.  (Doc. 181-13.)  The parties failed to agree on the terms of the written agreement and on the existence of a binding agreement; plaintiff's motion to enforce the settlement followed.

# DISCUSSION

The Court first addresses the role of the Rule 68 offer of judgment. A party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms; if the opposing party serves written notice of acceptance within 14 days, either party may file the offer and acceptance with the Court, and the clerk must enter judgment. Fed. R. Civ. P. 68(a). If the offer is not accepted within 14 days, it is considered withdrawn. Fed. R. Civ. P. 68(b). Finally, if the offeree does not accept the offer, and the offer was more favorable than the judgment the offeree obtains, a Rule 68 offer binds the offeree to pay costs incurred after the offer was made. Fed. R. Civ. P. 68(d).

Plaintiff notes that the Rule 68 offer did not contain the additional terms that defendants later proposed in their written settlement agreement, implying that the additional terms are not material. (Doc. 181-2 at 6, 11.) The Court finds plaintiff's argument without merit. While both involve litigation strategy, Rule 68 offers serve a purpose distinct from other settlement negotiations that may occur throughout the course of litigation. As defendants note, Rule 68 prescribes a technical process for making an offer of judgment to an opposing party, and refusal of the offer has specific consequences when the court renders judgment. Settlement discussions, on the other hand, are contract negotiations. *See Sheng v. Starkey Laboratories, Inc.*, 53 F.3d 192, 194 (8th Cir. 1995). If settlement negotiations fail and the court renders judgment, the parties are not bound by what occurred during negotiation. Additionally, including terms in a Rule 68 offer that may not appear in a judgment rendered by the Court could affect the enforceability of the Rule 68 offer. *RCA/Ariola Intern., Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 781 (8th Cir. 1988). Therefore, the terms in the Rule 68 offer are not relevant to whether the parties reached an enforceable agreement during regular settlement negotiations.

In this action based on diversity of citizenship subject matter jurisdiction, the Court must apply Missouri substantive law to determine whether the parties reached an enforceable settlement agreement. *Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.*, 347 F.3d 1052, 1053 (8th Cir. 2003). "The party moving for enforcement must prove the existence of the settlement agreement by clear, convincing and satisfactory evidence."

*Matthes v. Wynkoop*, 435 S.W.3d 100, 106 (Mo. Ct. App. 2014) (internal quotation marks and citation omitted). "Settlement agreements are governed by basic principles of contract law." *Sheng,* 53 F.3d at 194. "Under Missouri law, the essential elements of a contract are: (1) competency of the parties to contract; (2) subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation." *Building Erection Services Co. v. Plastic Sales & Mfg. Co., Inc.*, 163 S.W.3d 472, 477 (Mo. Ct. App. 2005). The fourth element, mutuality of agreement, "requires that the parties have a mutuality of assent or a meeting of the minds on the essential terms of a contract." *Soybean Merchandising Council v. AgBorn Genetics, LLC*, 534 S.W.3d 822, 829 (Mo. Ct. App. 2017) (citations and quotation marks omitted). "When the existence of a contract depends on the materiality of certain terms, materiality must be determined as of the time the contract was allegedly formed." *Sheng*, 53 F.3d at 194. "The mutuality or meeting of minds is to be determined by the expressed, and not by the secret, intention of the parties." *Bath Junkie*, 528 F.3d at 561 (quoting *Butler v. Mo. Ins. Co.*, 187 S.W.2d 56, 60 (Mo. Ct. App. 1945)). Even where the parties intend to record an agreement in writing, "the law will not imply the necessity of a writing simply because the parties clearly intend to memorialize their agreement later." *Visiting Nurse Ass'n*, 347 F.3d at 1054 (citing *Byrd v. Liesman*, 825 S.W.2d 38, 39-41 (Mo. Ct. App. 1992)).

  Defendants argue that they did not supply the dismissal and confidentiality terms, that they did not indicate that the settlement would be limited to those terms, and that the negotiations regarding the written agreement demonstrate that the settlement was not so limited. (Doc. 185-1 at 6.) As an initial matter, the Court finds unavailing defendants' contention that they did not supply the dismissal or confidentiality terms. It is undisputed that the parties engaged in settlement discussions. Defendants have not offered any reason, aside from dismissal of plaintiff's claims, for the settlement negotiations; their stated reason for serving the Rule 68 offer, which prompted the later negotiations, was "to get Plaintiff to consider some resolution of the case." (Doc. 185-2 ¶ 10.) They have also adopted an inconsistent position regarding confidentiality. Plaintiff asserts that defense counsel offered the confidentiality term on September 14, 2022, which defendants dispute.

4

(Doc. 181-3 ¶ 3.) However, in its response to plaintiff's motion, defendants request sanctions against plaintiff for breach of the confidentiality provision. (Doc. 185-1 at 16.) If the parties had not entered into a binding settlement agreement containing a confidentiality provision, then there could be no breach of the confidentiality provision.

They also contend that the parties did not specifically agree as to several essential material terms, including the scope of the release; how, when, or to whom the money would be paid; taxes; severability; denial of liability; or confidentiality or non-disparagement terms and conditions. (*Id.* at 13.) "[E]ven if a party may have subjectively believed that it had outstanding important contractual terms, a court will still enforce a settlement agreement that the record reflects contains all material terms." *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 562 (8th Cir. 2008). Defendants have not proffered any evidence to show its expressed intention that the parties agree to additional material terms.

Moreover, defendants' cited cases regarding the scope of releases are distinguishable from the facts of this case. In *Tirmenstein v. Central States Basement and Foundation Repair, Inc.*, the court concluded that there was no settlement agreement where the parties agreed that the plaintiff's claim could be settled for amount certain and preparation of a "full and complete" release. 148 S.W.3d 849, 851 (Mo. Ct. App. 2004). Similarly, in *Raytheon Aircraft Credit Corp. v. Southern Air Charter Co., Ltd.*, it was undisputed that the parties intended to include a release in their settlement agreement, but they disputed its scope. No. 03-1279-JTM, 2004 WL 784924 at *1 (D. Kan. April 9, 2004). Lastly, in *Bontigao v. Villanova University*, the court found that "both counsel knew that the settlement papers or release were an essential part of any agreement." 786 F.Supp. 513, 515 (E.D. Pa. 1992).

In this case, the parties dispute whether a written settlement agreement, to include a release, was an essential part of their agreement. Defendants have not pointed to any express representations that the settlement was contingent on a written agreement containing the terms it later included. Plaintiff's counsel accepted defendants' final offer on September 24, 2022. He recounted that the terms were the lump sum payment, dismissal

of the case with prejudice, and confidentiality, and he requested that defense counsel let him know what information was needed to process payment. (Doc. 181-7.) Plaintiff's counsel followed up with defense counsel three days later in an effort to finalize the settlement, but defense counsel did not provide the draft settlement document until October 4, 2022, ten days after plaintiff's counsel accepted defendants' final offer. If defendants always intended to record the settlement agreement in writing with additional material terms, they could have stated this intention in response to plaintiff's counsel's emailed acceptance or his follow-up three days later. *See Raytheon Aircraft*, 2004 WL 784924 at *1. They did not make any such statement. Because materiality is determined as of the time the contract was allegedly formed, *Sheng*, 53 F.3d at 194, and mutuality is determined by the expressed intention of the parties, *Bath Junkie*, 528 F.3d at 561, the Court concludes that the additional terms identified by defendants are not material.

The parties' conduct also indicates their understanding that they had reached a binding settlement agreement. "A court determines a meeting of the minds by looking to the intention of the parties as expressed or manifested in their words and acts." *Stickler v. McGinnis*, 649 S.W.3d 38, 44 (Mo. Ct. App. 2022) (quoted citation omitted) . As the parties negotiated the settlement terms, plaintiff requested that the parties reschedule the deposition of her expert and instead work toward settlement. The parties agreed to continue the deposition; plaintiff asserts that it was rescheduled for October 5, 2022, while defendants contend that the parties never set a new deposition date. In either case, it is undisputed that defendants did not depose plaintiff's expert, and neither party moved for an amended scheduling order. The parties acted as if the case had been settled.

Defendants also argue that plaintiff's counsel's negotiations regarding the written agreement are inconsistent with plaintiff's position that the parties reached a binding settlement agreement on September 24, 2022. They cite *Barrow v. Booneville No. 1, Inc.* for the contention that "[a] party will not be allowed to assume the inconsistent position of affirming a contract in party by accepting or claiming its benefits, and disaffirming it in part by repudiating or avoiding its obligations, or burdens." 31 S.W.3d 90, 94 (Mo. Ct. App. 2000) (quoted citation omitted). Defendants' argument is unavailing because plaintiff

6

has not repudiated any of the obligations, i.e., confidentiality, from the September 24 agreement, and neither party has yet accepted its benefits, i.e., dismissal and payment.

Lastly, because the Court concludes that the parties entered into a settlement agreement on September 24, 2022, it does not consider the terms of the draft agreement.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to enforce the settlement agreement **[Doc. 181-1] is sustained. The following terms apply: the lump sum identified in Doc. 209, to be paid to plaintiff's counsel within a reasonable time and no more than sixty (60) days from the date of this order; dismissal of this action with prejudice; and confidentiality regarding the terms of the settlement by all parties.** The parties may, but are not required to, set out mutually agreeable ancillary terms in a written agreement, along with the above material terms enforced by the Court. The Court retains jurisdiction to further enforce the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

**IT IS FURTHER ORDERED** that the motions of the parties for leave to file under seal **[Docs. 180, 184, 190, 195, 197, 202] are sustained.**

**IT IS FURTHER ORDERED** that the motions of defendants to dismiss plaintiff's claims for lack of standing and for judgment on the pleadings **[Doc. 170] are denied as moot.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the scheduling order **[Doc. 196-1] is denied as moot.**

**IT IS FURTHER ORDERED** that defendants' motion to stay this case pending resolution of the appeal in *Hennessey v. Gap* **[Doc. 198-1] is denied as moot.**

/s/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 18, 2023.